James Vernon LOGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 42880.

Court of Criminal Appeals of Texas.

June 10, 1970.

Turman & Mitchell by Joel B. Mitchell, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Harold Jaquet, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for the sale of marihuana; the punishment, five years.

The sufficiency of the evidence is not challenged. The State's testimony reflects that appellant approached Jerry Larson, an undercover narcotics agent, in front of the Vulcan Gas Company, a teenage club in Austin, and asked if he wanted to buy some more marihuana. Larson bought a "lid" or approximately an ounce of marihuana from appellant at the agreed price of $14.00. Appellant told Larson that if he wanted to buy larger quantities the price would be less.

All of appellant's grounds of error concern the exclusion of testimony at the penalty stage of the trial where appellant testified that he had never been convicted of a felony. Several officers, including one who had seen him many times in his capacity as an undercover narcotics agent, testified that appellant's reputation as a peaceable law-abiding citizen was bad.

The excluded testimony is presented by formal bills of exception. The State, in its appellate brief filed in the trial court and forwarded to this Court, contends that the record or transcription of the court reporter's notes reflects all that transpired at the trial and that appellant is attempting to show by formal bill of exception "what did not, in fact, occur at the trial." It is recognized in the brief that Article 40.09, Sec. 6(a) (b), Vernon's Ann.C.C.P., provides that where the record fails to disclose some action, testimony, objection, etc., a formal bill of exception may be utilized to supply the deficit.

Each of the bills of exception recited that appellant offered the testimony that was excluded, and the court approved the statements as correct. The bills of exception as approved control and the excluded evidence set forth therein insofar as it is applicable will be considered.

In the first, third and fourth grounds of error it is contended that the trial court erred in not permitting appellant's homeroom teacher to testify that appellant was a good student, made good grades, attended

classes regularly, followed instructions, and that the court erred in refusing to permit the homeroom teacher and counselor to testify that they had no discipline problems with appellant.

Elaine Hicks testified that appellant was a student in her homeroom at Travis High School, and she was asked, "Now, would you tell the jury generally what kind of student Mr. Logan was." Mr. Huttash, the prosecutor, objected and stated that the proper question would concern his general reputation as a peaceable law-abiding citizen. When the witness was asked if she knew appellant's reputation as a peaceable law-abiding citizen, she replied, "No."

The proffered testimony set out in the bill of exception shows that she did not know appellant outside her homeroom, but she knew he made good grades; that he studied, followed instructions and attended class regularly, and that he was not one of the students who caused disciplinary problems, and "[A]s I knew Mr. Logan in the classroom, his reputation for truth and veracity was good. Also, as I knew him in the classroom, he was certainly a peaceable and law-abiding citizen."

Barbara Bowles testified that she was the appellant's counselor in high school; that she did not know his reputation as a "good" law-abiding citizen. When asked if she had disciplinary problems with appellant, the State objected that it could not go into specific acts of misconduct and the appellant could not do so, and the objection was sustained.

The proffered testimony set out in the bill of exception is to the effect that appellant was a good student and citizen of Travis High School and had never been a problem student.

Appellant contends that the excluded testimony was admissible because of Article 37.07, Sec. 3(a), V.A.C.C.P., which provides, in part, as follows:

"Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character * * *."

In Allaben v. State, Tex.Cr.App., 418 S. W.2d 517, this Court stated that evidence offered at the punishment stage of the trial was not limited to the defendant's prior criminal record, his general reputation and character, and held that evidence offered by Allaben at the penalty stage of the trial in a sodomy case that he had visited a psychiatrist twice a week in connection with his psychological problem and hoped to continue such treatment should have been admitted, but failing to do so did not constitute reversible error.

■ Assuming that the court should have admitted the testimony that appellant was a good student and caused no disciplinary problems, we conclude, in light of the entire record, that the action of the trial court does not constitute reversible error.

Complaint is made in the second ground of error that the trial court erred in refusing to permit appellant's homeroom teacher to testify that as she knew him in the classroom his reputation for truth and veracity was good. It is contended that such testimony is admissible to show character as distinguished from reputation and that such testimony should have been admitted under Article 37.07, Sec. 3(a), supra.

■ The State did not attempt to impeach appellant as a witness and there was no issue of truth and veracity in the case. The court did not err in refusing to permit the witness to testify that appellant had a good reputation for truth and veracity. Article 37.07, Sec. 3(a), supra, does not authorize proof of reputation for truth and veracity to show character (but under the general rules of evidence such proof may become admissible). The second ground of error is overruled.

In the fifth and sixth grounds of error, complaint is made that the trial court erred

in refusing "[t]o permit Jerry Milsap, an adult probation officer, to testify as to the primary requirement of an applicant for probation" and in not permitting Milsap to testify on the purpose of the Travis County probation program.

When Mr. Milsap was on the stand, the following occurred:

"Q. (Mr. Mitchell, appellant's counsel) Would you tell the Court and jury what the primary requirement is when an application for probation is applied for?

"MR. HUTTASH: Now, Your Honor, the Court has instructed the jury as a matter of law in his charge to the jury, or will, what that requirement is.

"THE COURT: Objection sustained.

"Q. (by Mr. Mitchell) All right, Mr. Milsap, how long have you been a probation officer in Travis County?

"A. Three years.

"Q. What is the purpose of the Travis County probation program?

"MR. HUTTASH: Your Honor, we are going to object to that. I can't see how that is relevant or material, and the Court will instruct the jury as to the purposes of probation.

"THE COURT: Objection will be sustained.

"MR. MITCHELL: Pass the witness."

In the charge to the jury at the penalty stage of the trial the court authorized the jury to recommend probation if the punishment assessed did not exceed ten years if they found that the defendant had never been convicted of a felony.

The court also instructed the jury that probation must be granted if the jury recommended it and in such an event, the court must impose the statutory conditions and then specified such conditions as provided for in Article 42.12, Sec. 6, V.A.C. C.P. The requirements and the purpose of probation are a matter of law and common knowledge. The court, in the charge, set out the requirements for probation as applicable to this case.

In bill of exception number one, the excluded testimony of Jerry Milsap recited that the primary requirement on an application for probation was the record of the defendant; that when a person had a clean record there was possibly a good chance to rehabilitate, and that the purpose of the Travis County probation program was to rehabilitate the individual. His excluded testimony showed that his office had fairly close supervision even though there were some 140 probationers per officer and that he thought that the facilities available in Travis County were better than those at the Texas Department of Corrections which was understaffed.

In Schulz v. State, Tex.Cr.App., 446 S. W.2d 872, it was held that the exclusion of proffered testimony of a psychiatrist that it would be better for Schulz to be placed on probation than be sentenced to the Department of Corrections was not error.

■ The court did not err in excluding the proffered testimony of the probation officer concerning the requirement for and the purpose of probation. The fifth and sixth grounds of error are overruled.

The judgment is affirmed.