**Robert Byrne BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00631–CR.**

Court of Appeals of Texas,
Dallas.

June 25, 1984.

Discretionary Review Granted
Nov. 21, 1984.

Dan Garrigan, Lawrence Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Michael A. Klein, Asst. Dist. Atty., for appellee.

Before STEPHENS, SPARLING and ROWE, JJ.

STEPHENS, Justice.

Robert Byrne Brown, convicted by a jury of involuntary manslaughter in violation of TEX.PENAL CODE ANN. art. 19.05 (Vernon 1974), and sentenced to ten years' confinement in the Texas Department of Corrections, appeals. He contends in three grounds of error that: 1) his voir dire of the venire was unconstitutionally restricted; 2) his motion to quash the indictment because of insufficient notice should have been granted; and 3) evidence concerning probation procedures should have been admitted at the punishment phase of trial. We hold that none of appellant's grounds of error are meritorious; accordingly, we affirm the judgment of the trial court.

The sufficiency of the evidence of guilt is unchallenged. Appellant, driving a truck while intoxicated, struck and killed a Dallas police officer setting out flares on Stemmons Freeway in Dallas at the scene of an automobile accident.

### Voir Dire

In his first ground of error, appellant argues that he was denied his right to the effective assistance of counsel, contrary to the Sixth Amendment to the United States Constitution, applicable to the states through the Due Process clause of the Fourteenth Amendment, because his counsel was denied the right to question members of the jury panel in order to intelligently exercise his peremptory strikes.

Appellant's indictment refers to the victim as an individual, not a policeman acting in the course of his duties. The State, by its Motion in Limine asked that defense counsel be instructed not to mention to the jury on voir dire "that the deceased in this case, the complaining witness," was a policeman. Defense counsel responded that he wanted to ask the jury panel whether the fact that the complaining witness in the case was a Dallas police officer would cause them to be biased against appellant; he cited *Abron v. State*, 523 S.W.2d 405 (Tex.Crim.App.1975). The court sustained the motion in limine and ordered defense counsel not to advise the jury that the deceased was a police officer, either directly or by a hypothetical question. For the record, appellant stated the question which he desired to ask the panel in order to intelligently exercise his peremptory challenges:

> Would the fact that the complainant is a Dallas police officer cause you to have a bias or a prejudice against the defendant, and would this bias or prejudice affect your fair and impartial consideration of the evidence in determining whether or not the State had proven the defendant guilty beyond a reasonable doubt, or would it affect your fair and impartial consideration in determining what the proper punishment should be in this case?

The court told defense counsel that he could inquire of the jury whether they have any prejudice against policemen.

Defense counsel did not ask the question quoted above, nor did he ask whether the jury was prejudiced against policemen, but he did ask whether any of the members of the panel, or members of their family or their close personal friends, were employed in law enforcement or by the District Attorney's office and discovered that one juror had a brother and one juror had an ex-husband who were policemen. Another juror had previously stated that he was employed in law enforcement. Defense counsel emphasized the importance of an impartial jury acting solely on the evidence presented at trial during an extensive voir dire, and asked at the end of it if any member of the panel knew any other reason why they couldn't be a fair juror to both sides in the case.

The conduct of voir dire examination rests within the sound discretion of the trial court, *Moore v. State*, 542 S.W.2d 664, 668 (Tex.Crim.App.1976), *cert. denied*, 431 U.S. 949, 97 S.Ct. 2666, 53 L.Ed.2d 266 (1977). Only abuse of such discretion calls for reversal on appeal. *Battie v. State*, 551 S.W.2d 401, 404 (Tex.Crim.App.1977), *cert. denied*, 434 U.S. 1041, 98 S.Ct. 782, 54 L.Ed.2d 790 (1978). The trial court may therefore impose any reasonable restriction on the exercise of voir dire examination. *Clark v. State*, 608 S.W.2d 667, 669 (Tex. Crim.App.1980). The decision as to the propriety of a particular question is therefore left to the trial court's discretion and only abuse of that discretion will call for reversal on appeal, *Clark*, 608 S.W.2d at 670. "The discretion is abused when a proper question about a proper area of inquiry is prohibited." *Clark*, 608 S.W.2d at 670.

The question presented here involves two important aspects of voir dire, the right of counsel to inquire as to the panel's prejudices and the right that the State's counsel had in this case to have the particular facts

of the case brought out at trial, and not at voir dire.

Appellant cites *Abron v. State*, 523 S.W.2d 405 (Tex.Crim.App.1975) to support his position. In *Abron*, a black man was accused of raping a white woman and the punishment was death, commuted to life imprisonment. The defendant in *Abron* was permitted to ask the venire general questions on racial prejudice but not whether the fact that the complaining witness was a white woman and the defendant a black man would bias them against the defendant. The Court of Criminal Appeals reversed Abron's conviction, stating that although not every restriction of voir dire infringes upon a defendant's effective assistance of counsel, the defendant was prevented from asking questions "essential to the intelligent exercise of his peremptory challenges" because they presented "the matter of prejudice upon the very issue involved in the case." *Abron*, 523 S.W.2d at 409. The court in *Abron* noted that the facts of the case presented a particular type of racial prejudice that general questions on racial prejudice could not satisfy: the accused was black and the woman was white.

█ We disagree that appellant's voir dire of the venire was unconstitutionally restricted. We are not dealing with racial prejudice which as a "suspect class" holds a special place in our constitutional law, *Regents of the University of California v. Bakke*, 438 U.S. 265, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978), but with prejudice against a person who killed a policeman. In one case, it is prejudice against a person for an innate characteristic, his race, and the other is a prejudice against a person for his action in harming an individual in a certain occupation. There is no constitutional basis for an inquiry as to prejudice against people who kill policemen as opposed to the constitutional stature of racial prejudice. In *Ham v. South Carolina*, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973) the United States Supreme Court held that under the facts of that case, refusing to inquire about bias against beards on re-

quest was not constitutional error as opposed to refusing to ask questions about racial prejudice, which derives its constitutional stature from case law and a "principal purpose" of the Fourteenth Amendment to prohibit the states from discriminating on the basis of race.

Furthermore, in our case the court allowed questions on prejudice against policemen and on law enforcement affiliations, but just not the particular question proposed by defense counsel. In *Ristaino v. Ross*, 424 U.S. 589, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976) the Supreme Court noted that the trial court "dealt with" prejudice against the defendant due to the victim's status as a security officer by its question concerning law enforcement affiliations, as was done here.

█ Under Texas law, the trial court abuses its discretion when a proper question about a proper area of inquiry is prohibited. But this question was not proper because it prematurely and unnecessarily gave the jury a material fact of the case. It is settled Texas law that it is not error for the trial court to refuse to allow questions based on facts "peculiar to the case at trial." *White v. State*, 629 S.W.2d 701, 706 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 938, 102 S.Ct. 1995, 72 L.Ed.2d 457 (1982). In that case appellant was eventually allowed to ask one member of the venire if he could return a verdict of life in prison if it was proven that a defendant shot someone in the head in the course of committing a robbery. The Court of Criminal Appeals said: "There was no error in refusing to let the appellant ask a hypothetical question that was based on the facts peculiar to the case on trial. 35 Tex.Jur.2d 'Jury,' Section 116 (1962). In fact the question that was permitted had more details than the appellant was entitled to ask." *White*, 629 S.W.2d at 706. 35 Tex.Jur.2d *Jury* § 116 (1962) reads as follows: "Although allowing questions designed to ascertain the juror's views and sentiments on social and moral subjects generally, the courts do not permit a hypothetical case to be submitted; nor do they allow questions designed to

bring out the juror's views on the case to be tried." *See Hughes v. State*, 562 S.W.2d 857 (Tex.Crim.App.1978), *cert. denied*, 439 U.S. 903, 99 S.Ct. 268, 58 L.Ed.2d 250 (1979); *Hunter v. State*, 481 S.W.2d 137 (Tex.Crim.App.1972). The policy behind this rule is that voir dire is designed to insure impartial jurors, but if jurors are forced to commit themselves prior to trial as to how they would consider certain facts or testimony, then the case is being tried on voir dire and the jurors are no longer impartial. The trial court, in its discretion, and in its concern that the case not be tried on voir dire, correctly disallowed the question because it would have improperly brought forth a fact peculiar to the case on trial and did not go solely to the general biases and prejudices of the venire. The court stated that appellant could inquire as to the venire's prejudice against policemen, and appellant's question concerning whether any of them, their friends or family were involved in law enforcement was a correct and effective way for him to uncover prejudices in favor of policemen within the venire. No error is shown.

### Indictment

■ Appellant alleges that his motion to quash the indictment should have been granted on the ground that it did not give him sufficient notice under TEX.CODE CRIM.PROC.ANN. arts. 21.02(7), 27.09(2) (Vernon 1966) because it did not allege the type of substance that caused his intoxication. This argument was determined adversely to appellant's contention in *Hardie v. State*, 588 S.W.2d 936, 939 (Tex.Crim. App.1979), where Judge Phillips wrote:

> Appellant asserts that the State failed to allege and prove what substance caused his intoxication. As long as the evidence is sufficient to support a jury finding of intoxication, the State need not allege or prove what substance caused this intoxication. Appellant's contention is without merit.

### Probation Procedures

■ Appellant argues that contrary to TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon 1981), the trial court erroneously excluded evidence offered to mitigate punishment concerning probation and revocation of probation at the punishment phase of trial. This ground of error has no merit. Factors that can be introduced in mitigation of punishment are those that have a relationship to the circumstances of the offense or to the defendant before or at the time of the offense. Factors which arise after the offense and independently of the defendant are properly excluded. *Stiehl v. State*, 585 S.W.2d 716, 718 (Tex. Crim.App.1979), *cert. denied*, 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843 (1981). We hold that evidence of the supervision and revocation procedures of probation was independent of appellant and his conduct and was therefore properly excluded.

The judgment of trial court is affirmed.