**Robert Byrne BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 861–84.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 9, 1987.

Daniel P. Garrigan, Lawrence B. Mitchell (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty. and Michael A. Klein, Rider Scott and Robert Phillips, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was tried and convicted before a jury in Dallas County for the crime of involuntary manslaughter. V.T.C.A., Penal Code, Section 19.05. Appellant's punishment was set by the jury at a term of ten years' confinement in the Texas Department of Corrections.

In his sole ground for review to this Court, appellant generally contends that "[t]he trial court committed error in overruling appellant's offer of the admission of relevant evidence at the punishment stage of the trial in violation of Tex.Code Crim. Proc.Ann. 37.07 (1965)." More particularly, appellant asserts that proffered testimony of the probation officer of the trial court relating to the operation of the probation department as well as the rules and regulations concerning the conduct of a probationer should have been admitted before the jury to establish the manner in which a probationer is supervised on the manner in which he may have his probation revoked.

Appellant contended in the Court of Appeals that such evidence was admissible in mitigation of punishment. In overruling appellant's ground of error, the Court of Appeals held:

"Factors that can be introduced in mitigation of punishment are those that have a relationship to the circumstances of the offense or to the defendant before or at the time of the offense. Factors which arise after the offense and independently of the defendant are properly excluded. *Stiehl v. State*, 585 S.W.2d 716, 718 (Tex. Crim.App.1979), *cert. denied*, 449 U.S. 1114 [101 S.Ct. 926, 66 L.Ed.2d 843] (1981). *We hold that evidence of the supervision and revocation procedures of probation was independent of appellant and his conduct and was therefore properly excluded.*" *Brown v. State*, 674 S.W.2d 443 (Tex.App.—Dallas 1984). (Emphasis Supplied).

Appellant's petition was granted to review that holding.

The sufficiency of the evidence is not questioned. A vehicle driven by appellant struck and killed a Dallas police officer who was investigating an accident which occurred on a Dallas freeway. The evidence showed that appellant was intoxicated at the time his vehicle struck the officer.

At trial, the testimony of Linda Robles, the probation officer, was offered. She would have testified as to the terms and conditions which may be imposed on probationers and the manner in which probation may be revoked. She would also have testified that there are alcohol and drug programs administered by the probation office which appellant could have been ordered to participate in as a condition of his probation; and that "intensive probation" programs are in effect which would involve a greater degree of supervision for the appellant if the court so ordered.

Appellant contends that this evidence is admissible under Article 37.07, supra, because it is relevant to the appellant's request for probation. The appellant also maintains that this evidence is a mitigating factor which the jury should have considered before imposing punishment.

Article 37.07(3)(a), supra, reads as follows:

"Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty

"(a) Regardless of the plea and whether punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."

In the case before us, the State maintains that the evidence offered does not relate to the offense itself or the appellant himself before or at the time of the offense. The State maintains that the evidence involves factors which are independent of the appellant and are thus inadmissible. The appellant on the other hand cites this Court to the cases of *Allaben v. State*, 418 S.W.2d 517, 519 (Tex.Cr.App. 1967); *Thomas v. State*, 638 S.W.2d 481 (Tex.Cr.App.1982), and *Stiehl v. State*, 585 S.W.2d 716, 718 (Tex.Cr.App.1979).

This Court has previously settled this issue in the case of *Logan v. State*, 455 S.W.2d 267, 269–270 (Tex.Cr.App.1970). See also, *Daniel v. State*, 577 S.W.2d 231, 235 (Tex.Cr.App.1979), and *Levingston v. State*, 651 S.W.2d 319, 324 (Tex.App.—Dallas, 1983).

In *Logan*, supra, the defense attorney sought to introduce testimony from a probation officer concerning the purpose of probation and the characteristics which made an applicant for probation a favorable candidate. The trial court refused to allow the testimony and this Court held that no error was committed by this refusal. This Court noted that the jury received an instruction that the court was required to grant probation if the jury recommended it. The court also instructed the jury that if probation was granted the court was required to impose certain statutory conditions. The court then specified those condi-

tions set out in Article 42.12, V.A.C.C.P. Furthermore, this Court found that the purpose and requisites of probation are matters of law and common knowledge. Although the statutes have been amended as correctly noted in Judge Clinton's dissenting opinion, we find the reasoning in *Logan* still viable.

The appellant in this case had the benefit of a jury instruction setting forth the applicable law and possible conditions of probation. Among the conditions listed were the requirements that appellant report to the probation officer as directed, that he could be ordered to avoid injurious or vicious habits and that he be ordered to pay restitution.

We do not perceive the proffered testimony of Ms. Robles to have had any relationship to mitigation of punishment, but was instead a recitation of the law applicable to probation.

In every way relevant to the issue before us the facts and circumstances of the appellant's case are identical to those in *Logan,* supra. So, too, is our reasoning. The instruction given the jury on this issue contained all the law necessary for the jury to make its decision regarding appellant's request for probation. To admit this testimony would make it logically consistent to admit testimony offered by the State concerning the administrative procedures and rehabilitative programs practiced by the Texas Department of Corrections. The logical and inevitable result of this would be to allow an escalating "battle of the experts" to develop during the punishment phase of the trial. Whatever probative value this testimony would have is far outweighed by the danger that it would prejudice or confuse the trier of fact.

We hold that there was no error in the trial court's refusal to admit this testimony. We, therefore, overrule the appellant's ground for review and affirm the judgment of the Court of Appeals.

CLINTON, Judge, dissenting.

In overruling the point of error underlying the ground for review being addressed

by this Court, the Dallas Court of Appeals opined:

> "Factors that can be introduced in mitigation of punishment are those that have a relationship to the circumstances of the offense or to the defendant before or at the time of the offense. Factors which arise after the offense and independently of the defendant are properly excluded. *Stiehl v. State,* 585 S.W.2d 716, 718 (Tex. Cr.App.1979), *cert. denied,* 449 U.S. 1114 [101 S.Ct. 926, 66 L.Ed.2d 843] (1981)."

*Brown v. State,* 674 S.W.2d 443, at 447 (Tex.App.—Dallas 1984). Accordingly, the Dallas Court held that "evidence of the supervision and revocation procedures of probation was *independent of appellant and his conduct* and was therefore properly excluded." *Ibid.*[1]

In his petition for review appellant asserted that the Dallas Court has decided an important question of state law which has not been, but should be, settled by this Court, Tex.Cr.R.App.Pro. Rule 302(c)(2); then more or less alternatively, he urges that on an important question of state law the decision below is in conflict with applicable decisions of this Court. *Id.,* Rule 302(c)(3). See now Tex.R.App.Pro. Rule 200(c)(2) and (3), respectively.

In its opinion for the Court, the majority notices the decision of the court of appeals by quoting the stated reason the Dallas Court gave for overruling his point of error to affirm the judgment of the trial court. Slip Opinion, at 1. However, it makes no effort to review the reason assigned by the Dallas Court for its decision, and to that I first turn.

In *Stiehl v. State,* supra, the Court acknowledged that under *Allaben v. State,* 418 S.W.2d 517, at 518 (Tex.Cr.App.1967), "[e]vidence legally admissible to mitigate punishment ... is also admissible." *Id.,* at 718. But it stated that factors in mitigation "which arise after the offense and independently of the defendant" should not be admitted. *Ibid.*

Recently in *Skipper v. South Carolina,* 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1

---

1. All emphasis is mine throughout unless otherwise noted.

(1986), a capital case, the Supreme Court of the United States held that exclusion of testimony of jailers and others that during his pretrial incarceration defendant had behaved and adjusted well violated his right to present all relevant evidence in mitigation of punishment. Since evidence to mitigate punishment is admissible in a noncapital case, *Allaben,* supra, we should hold that postoffense factors in mitigation of punishment implicating an accused are admissible.

It follows that to the extent the opinion below may be read to preclude such evidence of mitigating factors involving an accused "arising after the offense" it should be disapproved.[2]

Instead of confronting the holding of the Dallas Court of Appeals, quoted *ante,* at page 453, and although not cited or discussed by either party, the majority announces that the Court "has previously settled" the issue in *Logan v. State,* 455 S.W. 2d 267, 269–270 (Tex.Cr.App.1970).[3]

The problem with relying alone on *Logan* is that it was decided in 1970 when § 3a of the former adult probation and parole law provided in its last sentence that upon recommendation of probation by a jury "the court may impose *only* those conditions which are set forth in Section 6 hereof." See former article 42.12, § 3a, V.A.C.C.P. The opinion stresses the very point that the court "*must* impose the statutory conditions." *Logan,* supra, at 270. That restriction upon the trial court was lifted by Acts 1981, Acts 67th Leg., Ch. 639, p. 2466, § 2, effective September 1, 1981, whereby the last sentence was deleted, leaving just one mandatory provision, *viz:* "In all eligible cases, probation shall be granted by the court, if the jury recommends it in their verdict, for the period recommended by the jury." Thus, much, if not all, of the *ratio decidendi* in *Logan* is no longer viable.

Nevertheless, in the instant cause the majority suggests that appellant had "the benefit" of a jury instruction giving applicable law and "possible conditions of probation." Maj. Opinion, at 454. It is not even nearly the same, and whatever merit there may be in its characterization of a *Logan* instruction as a "benefit," in that the jury is told what the court *must* do, the fact remains that the one given here hardly bestows anything of value. It instructs the jury that if probation is recommended, "The Court *may* impose *any* of the following terms and conditions:" followed with an enumeration of twelve of them. Where is a "benefit" in such an abstract instruction?

It is dangerous to say this instruction "contained all the information necessary for the jury to make its decision[.]" Slip Opinion, at 4. At once, it contains everything and nothing. This kind of instruction does not give jurors even a slightest hint about how the enumerated conditions may guide their deliberations on whether to recommend probation, particularly when the jury is given to understand that the court alone will determine terms and conditions actually imposed on defendant.

Finally, at page 455 and without identifying it, the majority raises the specter of *Schulz v. State,* 446 S.W.2d 872 (Tex.Cr. App.1969), but fails to notice that the thrust of proffered testimony by Dr. Holbrook, a psychiatrist, was that in his opinion "it would be better for [accused] to be placed on probation," *id.,* at 874. That testimony, the Court then believed, "would be permitting an invasion of the province of the jury"—an archaic notion under our present rules of evidence, Tex.Cr.R.Evid. Rule 704. In any event, the probation officer here did not pretend to be an expert and the testimony appellant sought to adduce did not include her opinion as to

---

2. Beyond that, given the facts on which decided, *Stiehl* is inapposite. Deficiencies in living conditions and security in a jail where an accused in being held for trial ordinarily have no relation to the offense alleged and do not bear on any recognized factor in mitigation of punishment. *Stiehl,* supra, at 718. They have nothing to do with a determination by jury or judge of an application for probation.

3. To rely solely on the rationale of *Logan* to affirm the judgment of the Dallas Court means that this Court does not review propriety of its reliance on *Stiehl.* The question presented by appellant goes unanswered in the majority opinion.

whether appellant should be placed on probation or be confined in TDC. She would have talked to the jury only about local "supervision and revocation procedures of probation," *Brown v. State,* supra, at 447. Hardly the first shot in "an escalating 'battle of the experts.'" Maj. Opinion, at 455.

In sum, the majority opinion deliberately bypasses the reasons we granted review and takes an entirely different approach to the problem, but ultimately fails to justify conclusions it does reach. In my view, the majority is too skittish of what is basically factual testimony proffered through an impartial witness to inform the discretion of a jury in determining whether to recommend probation.[4]

Today with a hightened public awareness about such matters, surely jurors take to their deliberations and determination a common knowledge and appreciation that an ultimate societal objective of probation is rehabilitation of the probationer. *Sanders v. State,* 580 S.W.2d 349, 352 (Tex.Cr. App.1978). Yet, the sole function of a jury is to recommend, leaving first to good judgment of the trial judge what conditions will be imposed, and then to trained and experienced supervising adult probation officers enforcement of those behavioral restraints and requirements to the end that rehabilitation is achieved.

From evidence leading to the jury's own finding of guilt jurors well know that defendant engaged in conduct violative of the law, and they learn as much about applicant as a person from that criminal conduct and in light of additional evidence adduced by parties on punishment and application for probation they are permitted by statutory law and rules of evidence to present.

The jury comes to understand that applicant has never before been convicted of a felony in this or any other state and how the community regards his character. It may hear general testimony concerning applicant from a variety of persons about background, family, employment and the like. This latter evidence does not bear on any particular "issue," for there is none the jury must resolve; the testimony is available for such consideration as the jury may give in assessing punishment and determining probation.

Evidence of supervision and revocation procedures of probation provides a context within which such matters may be placed for a better understanding of the consequences of a recommendation that probation be granted. Given by an impartial professional such testimony is neutral and informative in nature, and poses no "danger that it would prejudice or confuse the trier of fact," since in the matter of recommending probation there is no fact to be tried.

Its unfettered discretion thus informed, the jury makes its determination as to whether to recommend probation.

Therefore, I would find that the court of appeals erred in its application of the law, reverse its judgment and remand the cause to the trial court. Because the majority does not, I respectfully dissent.

MILLER, J., joins.

---

4. In its brief the State summarizes the proposed testimony for us, *viz:*

1. After someone is placed on probation, the probation officer conducts an initial interview to collect background information on the individual.
2. The probation officer then makes recommendations to the court.
3. There are alcohol and drug programs available which could become a part of the probation programs if the court so allows.
4. When, and if, the terms of probation are violated the court is informed of the violation, but it is the prosecutor's duty to file the motion to revoke.

5. The defendant cannot make bond after being arrested for a probation violation.
6. The defendant has no right to a jury trial in a revocation hearing.
7. The probationer can be made to serve out his entire sentence even though the probationer may have completed most of the probation.
8. The probationer is generally required to report to the probation officer once a month.
9. The probationer could be placed on "intensive probation" where the probationer will be required to meet with the probation officer frequently.
10. The probationer could pay a fee and restitution as part of the terms of probation.