John Nathan CADOREE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–90–325–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 9, 1991.

Rehearing Overruled June 6, 1991.

Stanley G. Schneider, W. Troy McKinney, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before the court to the offense of murder. TEX.PENAL CODE ANN. § 19.02(a)(1). He was convicted by a jury which assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(c), at imprisonment for seventy-five years and a fine of $10,000.00. We affirm.

Shortly before nightfall on March 30, 1989, the complainant and a number of other individuals were gathered outside Hey Brother Food Market on the corner of Ashville and Chimira streets in Houston. Several individuals were selling drugs. Appellant approached the group as they stood on the Ashville side of the store. Appellant and the complainant exchanged "fighting" words. Another man stepped between them. The complainant made some threatening remarks and walked behind the store. Appellant followed. Two shots were fired. There is conflicting testimony about whether appellant pulled a gun from the back of his pants or whether appellant and the complainant wrestled for a gun hidden behind the store. Witnesses testified that the complainant ran from behind the store with appellant in pursuit firing several gunshots at the complainant. The complainant ran in front of the store and across Chimira street, where he collapsed in a ditch. The cause of the complainant's death was a single gunshot wound to the back.

In his first point of error, appellant contends the trial court committed error by sustaining the State's objection to the following question on voir dire:

Mr. Schneider: How many people here believe that it's possible? Say we're in a bar, Mr. Newcomer—

Prospective Juror: Yes sir.

Mr. Schneider: Our hypothetical bar and you know that there is a gun up on the shelf. *Do you think it could be—somebody could strike that person from the rear to keep them from getting that gun or weapon as acting in self-defense?*

Mr. Kepple: I have to object. That's asking some opinion on the facts.

The Court: Sustained.

(Emphasis added).

Appellant argues that he sought to question prospective jurors about whether a person could ever attack or strike someone from the rear and still act in self-defense. The State contends appellant attempted to commit prospective jurors to the facts of the case.

 The right to be represented by counsel, guaranteed by Article I, Section 10, of the Texas Constitution, includes the right of counsel to question the members of the jury panel in order to intelligently exercise peremptory challenges. *Shipley v. State*, 790 S.W.2d 604, 608 (Tex.Crim. App.1990). A trial judge is given wide discretion to control voir dire; however, permissible areas of questioning the panel in order to exercise peremptory challenges are broad and cannot be unnecessarily limited. *Id.* The decision of the trial court to restrict voir dire may only be reviewed to determine whether the restriction consti-

tutes an abuse of discretion. *Allridge v. State*, 762 S.W.2d 146, 163 (Tex.Crim.App.), *cert. denied*, 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1988). Discretion is abused when a proper question about a proper area of inquiry is prohibited. *Id.* If the question is proper, an answer denied prevents intelligent use of the peremptory challenges and harm is shown. *Shipley*, 790 S.W.2d at 609 (citing *Allridge*, 762 S.W.2d at 163). A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Id.*

■■■■ While it is proper to use hypothetical fact situations to explain the application of the law, it is improper to inquire how a venireman would respond to particular circumstances presented in a hypothetical question. *Cuevas v. State*, 742 S.W.2d 331, 336, n. 6 (Tex.Crim.App.1987), *cert. denied*, 485 U.S. 1015, 108 S.Ct. 1488, 99 L.Ed.2d 716 (1988); *White v. State*, 629 S.W.2d 701, 706 (Tex.Crim.App 1981), *cert. denied*, 456 U.S. 938, 102 S.Ct. 1995, 72 L.Ed.2d 457 (1982). Although allowing questions designed to ascertain the juror's views and sentiments on social and moral subjects generally, the courts do not permit a hypothetical case to be submitted; nor do they allow questions designed to bring out the juror's views on the case to be tried. *Brown v. State*, 674 S.W.2d 443, 446–47 (Tex.App.—Dallas 1984, pet. granted), *aff'd*, 741 S.W.2d 453 (Tex.Crim.App.1987) (citing, 35 Tex.Jur.2d *Jury* § 116 (1962)). In *Brown*, the defendant killed a police officer as a result of driving while intoxicated. The trial court prohibited defense counsel from questioning prospective jurors on whether they would be biased or prejudiced against the defendant because the complainant was a police officer. The trial court permitted defense counsel to ask prospective jurors if they had any prejudice against policemen, but defense counsel failed to do so. The Court of Appeals in affirming the trial court stated: "the policy behind the above rule is that voir dire is designed to insure impartial jurors, but if jurors are forced to commit themselves prior to trial as to how they would consider certain facts or testimony, then the case is being tried on voir dire and the jurors are no longer impartial." *Id.*

■■■■ At trial, counsel for appellant presented evidence of self-defense and the court instructed the jury on the issue of self-defense. While in proper form, the question asked by appellant's counsel improperly sought to commit prospective jurors to the particular facts of this case. That is, whether a person can act in self-defense by shooting someone in the back. Indeed, this was the ultimate issue in the case. A trial court may impose reasonable restrictions on the exercise of the voir dire examination. *See Guerra v. State*, 771 S.W.2d 453, 467 (Tex.Crim.App.1988) Such was the case here. Appellant argues the effect of his inability to ask the question was magnified by Sergeant Ramsey's testimony "that he could not remember making a scene where a man was shot in the back and the case was referred to the grand jury without charges being filed." However, it was counsel for appellant who elicited this testimony from Ramsey on cross-examination and appellant cannot now complain. The question asked by appellant's counsel on voir dire was improper and the trial court properly sustained the State's objection.

After doing so, the trial court permitted appellant's counsel to properly rephrase questions on the issue of self-defense in order to elicit the information needed to intelligently exercise his peremptory challenges. *See Shipley*, 790 S.W.2d at 607. Counsel first asked prospective jurors their opinion about whether they had the right to strike first if they believed a threat were being made against them. He used the example of another person cocking his arm to punch them and asked jurors whether they had the right to punch first. Counsel then asked jurors about deadly force. He used the example of another person reaching for a gun and asked jurors whether they believed they had the right to grab their gun and shoot first. We hold that the trial court did not prohibit appellant from asking a proper question during voir dire and, therefore, did not abuse its discretion. We overrule appellant's first point of error.

In his second point of error, appellant contends that the trial court committed error by sustaining an objection by the State during voir dire. Counsel for appellant began voir dire by having appellant stand and then stating: "You'all take a good look at him and think about something, looking at him and talking about the law of self-defense. Let me tell you right now, John has been in prison. He has been convicted of murder before." The prosecutor objected that this was outside the record and inappropriate. The trial court admonished appellant's counsel to restrict his questioning with regard to prior convictions to hypothetical situations and to explain to jurors that prior convictions could only be used for impeachment and not as evidence of guilt.

Again, we must review the trial court's decision to restrict voir dire to determine whether the court abused its discretion by prohibiting appellant from asking a proper question about a proper area of inquiry. *Allridge*, 762 S.W.2d at 163. Appellant argues that he sought information from the jury to determine whether his prior conviction would be considered only for impeachment purposes or whether it would be considered as evidence tending to negate self-defense. He argues that he was prohibited from questioning potential jurors hypothetically about the impact of a prior conviction on self-defense. We disagree.

Initially, we note that the "question" complained of by appellant was not a question, proper or improper, but rather an assertion of fact. That alone was sufficient grounds for the trial court to sustain the State's objection. Furthermore, the trial court did not prohibit appellant's counsel from asking proper hypothetical questions regarding bias toward individuals with prior convictions, or concerning consideration of prior convictions for purposes of impeachment and not as evidence. The trial court only prohibited appellant's counsel from referring specifically to appellant.

Hence, we find no abuse of discretion by the trial court and overrule appellant's second point of error.

In his third point of error, appellant contends the trial court commited error in excluding certain testimony from Houston Police Officer Glyn Hicks. Officer Hicks' testimony was offered by appellant on a bill of exceptions. Hicks testified that he knew the complainant as "Twin" and that the complainant associated with reputed drug dealers in the vicinity of Barberry, Scott, Chimira and Ashville streets. According to Hicks, the complainant was a drug runner and not a dealer. Hicks stated that he had never seen the complainant sell drugs or run drugs. He added that dealers in that area were armed and that citizens warned police to be careful and to bring more than one unit. Hicks testified that on August 4, 1988, seven months before the instant offense, he responded to a call at a store on Chimira street. The police found drugs and a shotgun in a nearby tree. They also saw a suspect throw down a revolver. Hicks testified that he did not find weapons on any other occasion but that he had heard that other officers found weapons at the store. He did not participate in those investigations. Hicks was taken off patrol in October, 1988.

A trial court should be allowed the discretion to exclude or admit evidence before the jury and an appellate court should not set aside the trial court's rulings absent a showing on the record that the trial court has abused that discretion. *Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim.App.1990). In a homicide case, when there is some evidence of an act on the part of the deceased sufficient to raise an issue as to whether the defendant justifiably caused the death in self-defense, evidence of both the general reputation of the deceased for being of violent or dangerous character, and prior specific acts of violent misconduct committed by the deceased which illustrate his violent character are admissible. *Gutierrez v. State*, 764 S.W.2d 796, 798 (Tex.Crim.App.1989). This type of evidence is admissible to show the reasonableness of the defendant's claim of appre-

sion of danger or to show who was the aggressor at the time of the killing. *Id.*

Appellant argues that Officer Hicks' testimony was relevant to the reasonableness of appellant's actions in shooting the complainant in the back. 764 S.W.2d at 798; TEX.R.CRIM.EVID. 401, 402. He points to the following portions of the officer's testimony:

(1) that police found a number of guns at the Hey Brother store on a prior occasion;

(2) that citizens warned the police to be careful when going to the store;

(3) that drug dealers and drug runners often have access to guns.

Officer Hicks did not testify as to the complainant's reputation for being violent or dangerous, nor did he relate specific acts of violent misconduct by the complainant. His testimony regarding the discovery of weapons at the Hey Brother store had nothing to do with the complainant and was remote in time to the date of offense. In addition, his testimony that the appellant was a drug runner was speculative since he never actually saw the complainant run drugs. It was also irrelevant given his testimony that drug dealers, and not drug runners, carried weapons. Even if the complainant was known to carry a weapon, that, is not *per se* a violent or aggressive act. 764 S.W.2d at 798. Furthermore, Hicks' testimony does not show that appellant was aware of the complainant's reputation for violence or that he knew of a prior specific act of violence committed by the complainant. *Id.* Hence, the proposed testimony does not show the reasonableness of appellant's claim of apprehension of danger and was properly excluded by the trial court. Finding no abuse of discretion by the trial court, we overrule appellant's third point of error and affirm the judgment of the trial court.