Surovik-M v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-035-CR

     MICHAEL SUROVIK,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 94-702-C
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found Michael Surovik ("Surovik") guilty of indecency with a child and assessed
punishment at seventeen years' confinement and a $10,000 fine. Surovik now appeals his sentence
complaining that the trial court erred in overruling his Motion for Mistrial after a prosecutor
laughed during his closing argument. Additionally, Surovik alleges the trial court erred when it
refused to allow him to argue the law governing community supervision revocations during final
argument on punishment. Finally, he asserts the trial court erred when it allowed evidence of
unadjudicated extraneous acts during the punishment phase of the trial. Because the inappropriate
laughter did not result in error requiring reversal and the trial court did not commit error in
refusing the community supervision revocation argument nor in allowing evidence of the
unadjudicated extraneous acts, we affirm.
      In his first point of error, Surovik complains of the trial court's overruling his Motion for
Mistrial. During defense counsel's closing argument at the guilt-innocence phase of the trial, the
following occurred:
MR. GOAINS (defense counsel): And what motive did Michelle have? First of all,
ladies and gentlemen, she is an ex-girlfriend. She broke up. She had no reason to come
back and protect him. Think about it. Use your reason and common sense. These girls
are her nieces, her blood relatives her kinfolk. Isn't it more reasonable if there is any
doubt that she is going to be on their side?
 
Of course, the State is going to argue, well, she was afraid of him, he had control. 
Ladies and gentlemen, you heard her testify. She stated that wasn't the truth any longer. 
She lived in Temple. He lived in --
 
MR. HAGEN (prosecutor): (Laughing.)
 
MR. GOAINS: Your Honor, we are going to object to the prosecutor laughing in front
of the jury.
 
COURT: And I sustain the objection, and instruct the jury to disregard it for any
purpose.

      MR. GOAINS: Ask for a mistrial, Your Honor.
 
COURT: Overruled.

      Derogatory comments by the prosecution about defense counsel are improper. Howard v.
State, 888 S.W.2d 166, 175 (Tex. App.—Waco 1994, pet. ref'd). The State admitted in its brief
that the prosecutor's laughter was improper and inappropriate.


 However, during oral arguments
to this Court the State retreated from this admission and declared that the defense counsel's
argument was in fact "laughable." We disagree. Although this laughter did not directly attack
defense counsel, we find the prosecutor's laughter during closing argument indirectly attacked the
defense counsel's veracity. This conduct was not only highly inappropriate, but improper. There
is nothing humorous about an alleged indecent assault on a child. The prosecutor's laughter in this
case equates with an improper argument attacking defense counsel. However, improper argument
by the prosecution towards defense counsel will not amount to an error requiring reversal unless,
"in light of the record as a whole, there is a reasonable possibility the argument complained of
might have contributed to appellant's conviction or punishment." Tex. R. App. P. 81(b)(2);
Orona v. State, 791 S.W.2d 125, 128 (Tex. Crim. App. 1990); Howard, 888 S.W.2d at 175.
      To determine whether this improper argument is harmless, we must calculate the probable
impact of the error on the jury in light of the existence of the other evidence. Orona, 791 S.W.2d
at 130; Harris v. State, 790 S.W.2d 568, 587-88 (Tex. Crim. App. 1989). In the context of this
harmless error analysis, it is important to note that "other evidence" is the entire record. Orona,
791 S.W.2d at 130; Harris, 790 S.W.2d at 586. The procedure is to isolate the error and all its
effects, then ask whether a rational trier of fact might have reached a different result if the error
and its effects had not resulted. Harris, 790 S.W.2d at 588; Bryant v. State, 923 S.W.2d 199, 212
(Tex. App.—Waco 1996, pet. ref'd). In making that determination, we will consider the
following six factors: (1) the source of the error; (2) the nature of the error; (3) whether or to
what extent the error was emphasized by the state; (4) the probable collateral implications of the
error; (5) how much weight a juror would probably place on the error; and (6) whether declaring
the error harmless would encourage the state to repeat it with impunity. Orona, 791 S.W.2d at
130; Harris, 790 S.W.2d at 587; Bryant, 923 S.W.2d at 212. We find beyond a reasonable doubt,
after analyzing the other evidence under the six factors above, that the prosecutor's laughter did
not contribute to Surovik's conviction or punishment. Therefore, we overrule Surovik's first
point.
      Nevertheless, with reference to the sixth factor, we are troubled by the repetitive instances
of improper and inappropriate conduct by prosecutors of this State office. We will not tolerate
such future conduct.
      Surovik's second point asserts that the trial court erred in refusing to allow him to argue the
law governing community supervision revocations during final argument on punishment. 
Although the charge contained instructions on community supervision, Surovik claims that the trial
court's refusal to allow him to explain the revocation procedures to the jury caused confusion and
possibly increased the punishment assessed. When the defendant had the benefit of a jury
instruction setting forth the applicable law and possible conditions of community supervision,
argument as to the revocation procedure is not necessary. Brown v. State, 741 S.W.2d 453, 455
(Tex. Crim. App. 1987). The instruction given the jury on this issue contained all the law
necessary for the jury to make its decision regarding Surovik's request for community supervision. 
Id. Because the jury instruction adequately set forth the law regarding community supervision,
we find no error in the trial court's refusal to allow this argument. Surovik's second point is
overruled.
      In his third point of error, Surovik alleges that the trial court erred in allowing evidence of
unadjudicated extraneous acts during the punishment phase of the trial. Surovik claims the
extraneous acts are not relevant to the charge of indecency with a child. The Texas Code of
Criminal Procedure provides:
(a) Regardless of the plea and whether the punishment be assessed by the judge or the
jury, evidence may be offered by the state and the defendant as to any matter the court
deems relevant to sentencing, including but not limited to the prior criminal record of the
defendant, his general reputation, his character, an opinion regarding his character, the
circumstances of the offense for which he is being tried, and, notwithstanding Rules 404
and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime
or bad act that is shown beyond a reasonable doubt by evidence to have been committed
by the defendant or for which he could be held criminally responsible, regardless of
whether he has previously been charged with or finally convicted of the crime or act.
Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a) (Vernon Supp. 1997).


 The trial court acts as the
exclusive judge on matters of law when making a judgment on the threshold admissibility test. 
Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). A trial court's actions as to the
admissibility of extraneous offense evidence is reviewed under an abuse of discretion standard. 
Id.
      During the punishment phase, Surovik's girlfriend, Michelle, testified that he assaulted her
several times, that he said he would kill whoever was in the house if the police showed up during
one incident, that he used methamphetamine on a daily basis at one point in time, and that he
furnished her with methamphetamine when she was seventeen years old. Surovik claims these
extraneous acts are entirely unrelated to the indecency with a child charge. Thus, the State sought
to punish Surovik not only for abusing the child-victim, but also for abusing his girlfriend and
drugs. Because the jury assessed a sentence near the maximum, Surovik argues that we must
assume the jury gave these irrelevant, extraneous acts credence. In his brief, Surovik claims the
jury must have considered the extraneous acts because "the assault itself was relatively minor."      Moreover, "[t]he assault lasted only moments, and was not repeated." 
However, we find no abuse of discretion in the trial court's admission of these extraneous acts by
Surovik. Id. Therefore, we overrule Surovik's third point.
      We affirm the judgment.
 
 
                                                                                 REX D. DAVIS
                                                                                 Chief Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 5, 1997
Do not publish