Opinion filed November 30, 2006


















 
 
  
 
 







 
 
  
 
 




Opinion filed November 30, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00284-CR 

                                                     __________

 

                                 JIMMY
RAY MCDANIEL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                    On
Appeal from the 238th District Court

 

                                                           Midland County, Texas

 

                                                   Trial
Court Cause No. CR30289

 



                                                                   O
P I N I O N

 

Jimmy Ray McDaniel appeals his conviction by a
jury of two counts of the offense of aggravated sexual assault of a child.  The jury assessed his punishment on each
count at thirty years in the Texas Department of Criminal Justice,
Institutional Division.  The trial court
ordered that the sentences be served consecutively.  McDaniel contends in two issues that the
evidence is legally and factually insufficient to support his conviction and
that he was denied the effective assistance of counsel when his attorney failed
to call witnesses at the punishment phase of his trial.  We affirm. 









McDaniel urges in issue one that the evidence is
legally and factually insufficient to support his conviction.  In a legal sufficiency review, we view all of
the evidence in the light most favorable to the verdict and then determine
whether a rational trial of fact could have found the essential elements of the
crime beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307 (1979).  To determine if the evidence is factually
sufficient, the appellate court reviews all of the evidence in a neutral
light.  Watson v. State, 2006 WL
2956272, at *8 (Tex. Crim. App. Oct. 18, 2006) (overruling in part Zuniga v.
State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23
S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the
reviewing court determines whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 2006 WL
2956272, at *8;  Johnson, 23
S.W.3d at 10-11.

The indictment alleged in Count I that on or about
March 1, 2002, McDaniel intentionally and knowingly caused the complainant=s sexual organ to contact his when she
was younger than fourteen and not his spouse. 
In Count II, the indictment alleged that on that same date McDaniel
intentionally and knowingly caused the penetration of the complainant=s sexual organ by his finger when she
was a child younger than fourteen and not his spouse.  

The seven-year-old complainant testified that an
old babysitter named Ray, whom she identified as McDaniel, had touched her on
one of the private places that are not supposed to be touched.  She said he touched her with his private part
in her front and back private almost every time he came to babysit.  She insisted that he put his finger and his
private part into her private part.  She
related that he did these things when she was three years old.

Ilda Gonzalez, the complainant=s mother, testified that the
complainant did not tell her that McDaniel had done anything to her until the
day after her sixth birthday.  She said
the complainant told her that McDaniel had been touching her private with his
fingers.  She said she examined the
complainant=s private
and that it appeared red and opened.  She
related that later the complainant had told her that McDaniel had put his
fingers in her private.  She testified
that the complainant had also said McDaniel put his private into her
private.  Gonzalez acknowledged that the
complainant had not told her at the time it happened.








Dr. Thomas Allen testified that he works at the
Midland Memorial Hospital Emergency Room as the Director of the Sexual Assault
Nurse Examiner Program.  He said the
complainant indicated during her examination that Aa
long, long time ago@ someone
had touched her privates with his hand and that that someone touched her
privates with his private.  He related
that at the eight o=clock
position of the hymen there was a thinning and a tear that had healed.  He confirmed that there was evidence the
hymen had been broken.  He said that the
examination indicated that there had been some kind of penetration into the
vaginal area.

Jessica Dee-Ann Morgan Vasquez, McDaniel=s sister, testified that the time frame
in which her brother would have had access to the complainant was from December
2001 to the end of 2002. 

Randall Upton, an employee with the Midland Rape
Crisis and Children=s Advocacy Center, testified that the complainant
had told him that on more than two occasions McDaniel would pull her panties
and shorts down before putting his private into her private.

Johnny Rodriguez testified that he had previously
lived with Vasquez, McDaniel=s
sister.  He recalled the last day that
McDaniel would have had access to the complainant would have been August 2002.

We hold that from this evidence a rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt and that the evidence is not so weak that the verdict is
clearly wrong and manifestly unjust and that the verdict is not against the
great weight and preponderance of the conflicting evidence.  Consequently, the evidence is legally and
factually sufficient to support the conviction on both counts.  As we best understand McDaniel=s argument, it is that the evidence is
insufficient because there was no evidence that he caused the trauma shown by
the physical evidence.  While he
acknowledges that the complainant testified concerning his penetration of her
private parts, he urges that the evidence is insufficient because of the length
of time between the assault and the child=s
outcry.  He presents no authority in
support of his argument, and we are not aware of any.  We overrule issue one.








McDaniel insists in issue two that he was denied
the effective assistance of counsel when his trial attorney failed to call
witnesses at the punishment stage of the trial. 
We apply a two-pronged test to ineffective-assistance-of-counsel
claims.  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v. Washington, 466 U.S. 668, 687 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, an appellant must show that his
counsel=s
performance was deficient; second, an appellant must show the deficient
performance prejudiced the defense.  Wiggins,
539 U.S. at 521;
Strickland, 466 U.S.
at 687.  

In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson,
9 S.W.3d at 813.  A defendant must
demonstrate that counsel=s
representation fell below an objective standard of reasonableness and
prevailing professional norms at the time of the alleged error.  Wiggins, 539 U.S. at 521; Strickland, 466 U.S. at 688-89.
A[C]ounsel is strongly presumed to have
rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment.@
 Strickland, 466 U.S. at
690.  An allegation of ineffective
assistance must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson, 9 S.W.3d at 814.  Our scrutiny of counsel=s performance must be highly
deferential, and every effort must be made to eliminate the distorting effects
of hindsight.  Strickland, 466 U.S. at
689.  

The second prong of Strickland requires a
showing that counsel=s
errors were so serious that they deprived the defendant of a fair trial, i.e.,
a trial whose result is reliable.  Id. at 687.  In other words, appellant must show there is
a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Id.  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding whose result is being
challenged.  Id. at 697.    

Under normal circumstances, the record on direct
appeal will not be sufficient to show that counsel=s
representation was so deficient and so lacking in tactical or strategic
decision making as to overcome the presumption that counsel=s conduct was reasonable and
professional.  Bone v. State, 77
S.W.3d 828, 833 (Tex.
Crim. App. 2002).  Rarely will the record
contain sufficient information to permit a reviewing court to fairly evaluate
the merits of such a serious allegation. 
Id.








We first note that, as McDaniel acknowledges, his
trial counsel did call McDaniel=s
mother as a witness during the punishment but did not call any other
witnesses.  Trial counsel did not testify
in any post-trial proceeding.  Further, there is nothing else in the
record to show that trial counsel=s
choice not to call other witnesses during the punishment phase of the trial was
anything other than trial strategy.  McDaniel has failed to overcome the
presumption that trial counsel=s
conduct was reasonable and professional.  Bone, 77 S.W.3d at
833.  

McDaniel primarily relies on the case of Milburn
v. State, 15 S.W.3d 267, 268 (Tex. App.CHouston [14th Dist.] 2000,
pet. ref=d).  We find that case distinguishable because in
that case no witnesses were called on the defendant=s
behalf at the punishment phase of the trial, although the record reflects that
there were several witnesses available and reflects what their testimony would
have been.  In the case at bar, there is
nothing in the record to reflect that there were other witnesses who could have
been called or what their testimony would have been.  

McDaniel also contends in his argument under this
issue that his counsel was ineffective for failing to present any evidence
showing that if he were placed on community supervision he would be placed in a
rigorous sexual offender program or evidence regarding punishment alternatives
such as the sexual offender treatment program. 
We first note that the admissibility of such evidence is in
question.  See Brown v. State, 741
S.W.2d 453, 454-55 (Tex. Crim. App. 1987) (admission of evidence concerning
terms and conditions of probation and manner of revocation allows an escalating
battle of experts, and its probative value would be far outweighed by the
danger of prejudicing or confusing the trier of fact); Najar v. State,
74 S.W.3d 82, 88 (Tex. App.CWaco
2002, no pet.) (such testimony might be helpful to the jury in Atailoring the sentence@). 
We also note that there is nothing in the record concerning the
availability or the details of such a program. 
Nor is there evidence as to why counsel did not present such evidence at
trial.  That being the case, this court
has no basis upon which to hold that trial counsel=s
conduct in failing to present such testimony constituted ineffective
assistance.   We overrule issue two.

The judgment is affirmed. 

 

PER CURIAM

November 30, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J.,

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.