E. E. CARR v. THE STATE.

No. 17226. Delivered December 12, 1934.
Appeal Reinstated February 13, 1935.
State's Rehearing Denied April 10, 1935.

The opinion states the case.

*J. J. Watts,* of Abilene, and *C. C. McDonald,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for willfully refusing to support minor children; punishment assessed at confinement in penitentiary for one year.

The term of court at which appellant was convicted adjourned the 27th day of March, 1934. Appellant did not enter into a recognizance during the term of court in order to secure his enlargement pending appeal, but on the 16th day of March, 1934, while the court was still in session, he executed and filed an appeal bond. This court acquires no jurisdiction of an appeal where an appeal bond is filed during the trial term of court. Article 818, C. C. P.; Zepeda v. State, 7 S. W. (2d) 527.

The appeal bond is approved by the trial judge only. Article 818, C. C. P., requires the approval of both the judge and sheriff. If the bond had been executed and filed after the adjournment of the trial term it would be defective, in the absence of the approval of both the judge and the sheriff.

Appellant is granted fifteen days from this date in which to perfect his appeal. The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

The proof on the part of the State was to the effect that appellant and his wife, Willie Carr, had three small children, and that in August, 1932, appellant left his family and thereafter failed to support his children. Appellant testified that he had been unable to secure work, and, further, that during most of the time he was away from his family, he had been ill and unable to work.

It is shown in bills of exception 1 and 2 that the State proved, over appellant's objection, that the district judge and the district attorney told appellant that if he would support his children he would not be prosecuted, and that appellant promised that he would send his children two dollars a week. This occurred after the indictment had been returned. In bill of exception No. 7 it appears that, in his closing argument, the district attorney used language as follows: "We didn't want to send this boy (referring to appellant) to the penitentiary. The district judge and I told him that if he would ever pay as much as two dollars a week we wouldn't do so and wouldn't try this case and would dismiss it, but gentlemen he wouldn't do that." The court overruled appellant's objection to the argument. We think the three bills of exception reflect reversible error. Appellant was not being prosecuted for failure to keep his promise to the district judge and the district attorney. The argument of the district attorney was susceptible of the construction that the district judge desired that appellant be sent to the penitentiary because he had failed to keep his agreement to give his children two dollars a week. We deem the argument improper and obviously hurtful and prejudicial.

We think that upon another trial testimony touching the fact appellant was keeping company with another woman should not be permitted, unless it should be made to appear at least circumstantially that he was spending money on her. One of the bills recites that the State proved that appellant was drunk in San Angelo, and was fined. Appellant testified that he did not buy the whisky and had not paid the fine. Under the circumstances, we are unable to perceive the relevancy of this testimony. We do not predicate a reversal upon the two matters last discussed.

For the error herein first discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State's motion for rehearing is predicated on the position that the argument complained of was based on evidence properly in the record, or if improperly admitted, the point was lost by the introduction by appellant of

practically the same evidence. It was not intended by our original opinion to hold that under the circumstances a proper argument could not have been based on the evidence. Our view was that, whether so intended or not, the argument complained of unfortunately involved the trial judge, and expressed his, as well as the district attorney's attitude towards the case; that under certain conditions *they* had no desire to send appellant to the penitentiary, but that appellant had failed to comply with such condition. The jury could have easily drawn the inference that under such circumstances both the trial judge and the district attorney had changed their minds about the matter. Having reached such conclusion the order reversing the judgment naturally followed. The argument is to be regretted, but our mind remains unchanged as to its probable result.

The State's motion for rehearing is overruled.

*Overruled.*