### DON BELL v. THE STATE.

No. 17908. Delivered February 12, 1936.
Appeal Reinstated March 4, 1936.

The opinion states the case.

*Thos. E. Cooper,* of Big Lake, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of tapping a conduit and storage tank, and his punishment was assessed at confinement in the state penitentiary for a term of one year.

The term of the court at which appellant was convicted adjourned on the 20th day of April A. D., 1935. Appellant did not enter into recognizance during the term of the court in order to secure his enlargement pending appeal. However, on the 6th day of May, 1935, he executed and filed an appeal bond which is approved by the trial judge only. Article 818, C. C. P., requires the approval of both the judge and the sheriff. The appellant is granted fifteen days from this date in which to perfect his appeal. The appeal is dismissed. See Carr v. State, 81 S. W. (2d) 86.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE.

HAWKINS, JUDGE.—The defect in the appeal bond has been corrected. The appeal is reinstated and will be disposed of on its merits.

The prosecution was under an Act of the 43d Legislature, Regular Session, Chapter 219, page 732, and is carried forward in Vernon's Texas Penal Code, Vol. 2, Cumulative Pocket Part, as Art. 1111b, defining "Tapping" as it relates to pipe lines, conduits and storage tanks for oil, and providing a penalty.

The indictment charged that appellant and M. B. Melton tapped a conduit and storage tank which had been constructed for the transportation and storage of crude oil. It was alleged that the conduit and tank belonged to James S. Postgate. The property, in fact, was owned by the Big Lake Oil Company of which Postgate was assistant manager. At the time of the alleged offense the general manager was in the state of Cali-

fornia and Postgate had charge, control and management of the property during the absence of his superior. The indictment properly alleged ownership in Postgate.

As a part of the storage tanks and equipment for gathering and storing oil was a contrivance called "3-C Battery" connected with which was an apparatus called a "gun-barrel" through which the oil flowed into the storage tanks. On top of the "gun-barrel" was a gate called the "thief" or hatch. About three o'clock in the morning employees of the company discovered appellant and Melton at the battery in question. They had passed a garden hose through the "thief gate" and were syphoning oil out of the "gun-barrel" into a drum or barrel. They had already secured five gallons of oil when discovered. They had two thirty-gallon barrels and a fifteen-gallon barrel on a truck. The evidence clearly makes out the State's case.

No bills of exception are brought forward. In his motion for new trial appellant asserted that the indictment had been changed in some material particular after it was returned by the grand jury. No evidence is brought forward seeking to support such claim.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*