# MAY 27, 1936

## WADE ACKELSON V. THE STATE.

No. 18281.   Delivered May 6, 1936.
Appeal Reinstated May 27, 1936.

The opinion states the case.

*W. A. Johnson,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is perjury; the punishment, confinement in the penitentiary for two years.

The term of court at which appellant was convicted adjourned the 19th day of October, 1935. Appellant did not enter into recognizance during the term of court in order to secure his enlargement pending appeal, but on the 12th day of October, 1935, while the court was still in session, he executed and filed an appeal bond. This court acquires no jurisdiction of an appeal where an appeal bond is filed during the trial term of court. Carr v. State, 81 S. W. (2d) 86, and authorities cited.

Appellant is granted fifteen days from this date in which to perfect his appeal.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

The Honorable Lloyd W. Davidson, State's Attorney before this court, confesses error. We quote from his brief as follows:

"The perjured testimony was alleged to have been given by the appellant when he was a witness before the grand jury.

"To constitute the offense of perjury, the statement relied upon must not only be a false statement, but must be deliberately and wilfully made. Art. 302, P. C.

" 'A false statement made through inadvertence, or under agitation, or by mistake, is not perjury.' Art. 303, P. C.

"In this case, appellant contends that there was evidence sufficient to make applicable, as an affirmative defense, the provisions of said Article, and especially in so far as same has reference to a statement made while under agitation. In support of this contention, it is claimed that the testimony of appellant's wife raises this defense. The wife testified as follows:

" 'I remember the occasion of Mr. Ackelson going before the grand jury in April, 1935, and as to what his condition was at that time, with regard to his being nervous, and as to his mental condition, will state he was very nervous for several days, and he didn't sleep at night, and he didn't eat; he seemed to be nervous and all unstrung. I remember the occasion of his going before the grand jury, I just know he said he went, and that it made him so nervous he didn't know hardly who he was. As to whether or not he said anything about not remembering what he did say, will state he said he didn't know what he did say.'

"In keeping with his contention, the appellant presented a special requested charge, and also reserved proper exceptions to the failure of the trial court to include, in his charge, this defensive theory. These were overruled.

"In the case of Mason v. State, 57 Crim. Rep., 319; 122 S. W., 871, where the testimony was to the effect that the accused had been sick before he gave the testimony before the grand jury, and that he did not remember the incident about which he was alleged to have testified and was sick when he gave the testimony, the court held that a charge in keeping with the defensive theory of inadvertence or mistake should have been given, and that it was error for the trial court not to do so.

"In the Mason case, supra, the testimony there held to raise

the defense appears to be no stronger than that as given by the appellant's wife.

"It follows, therefore, that the trial court fell into error when he did not charge the jury upon this defensive theory."

We are constrained to hold that reversible error is presented.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.