**Marvin Roger SCHULZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42120.

Court of Criminal Appeals of Texas.

July 9, 1969.

Phil Burleson, Dallas, for appellant.

Henry Wade, Dist. Atty., Joe K. Hendley, Malcolm Dade, Kerry P. FitzGerald, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for assault to murder with malice; the punishment, thirteen years.

The record reflects that John Wheeler was having dinner in the apartment of Myrtis Schulz when Marvin Schulz entered the apartment and shot Wheeler in an eye, in the back of the head and in the back. At approximately 4:30 o'clock that afternoon the appellant, who was divorced from Myrtis Schulz and who had visitation privileges with his young daughter, appeared at the apartment, talked briefly with his ex-wife and left. Shortly before 6:00 o'clock, he returned and, without provocation or apparent reason, started shooting. After being hit in the head twice, Wheeler ran; appellant pursued and shot him in the back. Wheeler entered another apartment and appellant was trying to enter when the door was slammed on his arm. He then dropped the gun and left. Appellant testified that he pulled the trigger intentionally knowing that the gun was fully loaded; that the shooting was not an accident, but that he did not intend to kill Wheeler.

In the first ground of error complaint is made that Dr. Holbrook, a psychiatrist, was not permitted to testify that he was of the opinion that it would be better for appellant to be placed on probation rather than be sentenced to the Department of Corrections.

Dr. Holbrook testified out of the presence of the jury: "I think the value of this (being sent to the penitentiary) would be very limited if we are talking about his learning from his punishment. I don't know how he would interpret this experience;" and that probation " * * * with the proper environment and management he might do very well."

On cross-examination he testified that if the actual conditions of probation or imprisonment were different from the ideal, his answer would be different.[1]

The trial court did not err in refusing to permit Dr. Holbrook to testify before the jury that it would be better for appellant to be placed on probation. If such testimony is allowed, the State would be justified in seeking to put on an expert, perhaps a sociologist or penalogist to prove that it would be better for the defendant to serve time in a penal institution. Then further testimony would no doubt be offered by both sides on the relative values of probation compared to confinement.

■ To admit the proffered testimony of Dr. Holbrook would be permitting an invasion of the province of the jury. The contention is overruled.

Appellant cites Allaben v. State, Tex. Cr.App., 418 S.W.2d 517, to support the contention that Dr. Holbrook's testimony should have been admitted. Allaben had been convicted for sodomy, the testimony kept from the jury was that he had visited a psychiatrist with his psychological problem and hoped to continue. This Court stated that this excluded testimony should have been admitted, but held that the failure to do so did not constitute reversible error.

■ In the present case not all of the proffered testimony of Dr. Holbrook was admissible. If appellant wanted the court to admit the testimony that he had been receiving treatment from a psychiatrist as under the Allaben case, he should have specifically pointed out that part of the testimony to the court. The applicable rule is stated in 53 American Jurisprudence, Sec. 140, pp. 124–125:

"It is not incumbent upon the trial court, where evidence offered is relevant or admissible in part only, to separate the good from the bad but it may reject the evidence as a whole."

The same rule is stated in I Wigmore on Evidence, Third Edition, Sec. 17, p. 320: "It is for the proponent to sever the good and the bad parts." See Ford v. State, 41 Tex.Cr.R. 1, 51 S.W. 935, 53 S.W. 869, 1 Branch's Ann.P.C.2d, Sec. 234, pp. 270, 273.

The first ground of error is overruled.

In the second, fourth, fifth and sixth grounds of error, complaints are made that the court erred in its charge to the jury. Assuming that the objections are sufficient under Article 36.14, Vernon's Ann.C.C.P., these contentions will be discussed.

Complaints are made that the trial court failed to apply the law to the facts on murder without malice and failed to give the benefit of reasonable doubt as to the existence of malice.

■ The court defined murder with and murder without malice and charged the jury on murder without malice and reasonable doubt as follows:

"If you find and believe from the evidence, beyond a reasonable doubt, that on

---

1. Dr. Holbrook further testified that appellant had a long history of not learning from experience; that he could not sustain himself in any productive effort for a very long period of time; that the value of punishment would be very limited in teaching him social values and skills. Dr. Holbrook thought that appellant knew the difference between right and wrong even though he was unstable; that appellant was extremely ambivalent and needed close management and supervision. He further testified that he considered management versus punishment from a medical point of view; that his answer would be different if one probation officer had four hundred and sixty probationers; that this would have bearing on the effectiveness of probation.

or about the 19th day of February, 1967, in Dallas County, Texas, the defendant did, unlawfully, make an assault in and upon John Walker Wheeler, Jr., with the intent to murder the said John Walker Wheeler, Jr., but you further find and believe, or have reasonable doubt thereof, that from all the facts and circumstances in evidence in this case, the defendant, in making the assault upon the said John Walker Wheeler, Jr., if he did, was not prompted and did not act with his malice aforethought, as the same is defined to you in this charge, then, you will find the defendant guilty of assault with intent to murder without malice."

This charge sufficiently applies the law to the facts in submitting murder without malice. See Allen v. State, 169 Tex.Cr.R. 318, 333 S.W.2d 855; Willson's Criminal Forms, 7th Edition, Sec. 3472, and 4 Branch's Ann. P.C.2d, Sec. 1805.1.

■ The court charged the jury if they believed beyond a reasonable doubt that defendant was guilty of assault with intent to murder " * * * but you should have a reasonable doubt as to whether or not the defendant, in committing the offense, if he did, was prompted by malice, then, you should resolve such doubt in favor of the defendant, * * *" This charge gave appellant the benefit of reasonable doubt as to the existence of malice.

■ Complaint is also made that the court did not charge on aggravated assault and intent to kill. Instructions on aggravated assault and intent to kill were given even though neither instruction is required because the means used to inflict the injury was with a deadly weapon per se. Article 45, V.A.P.C.; Davis v. State, Tex.Cr.App., 440 S.W.2d 291; Brown v. State, Tex.Cr.App., 438 S.W.2d 926. Where the shooting of another in the head with a pistol is shown, the law presumes an intent to kill. Barr v. State, 146 Tex.Cr.R. 178, 172 S.W.2d 322.

No error concerning the court's charge is shown.

It is contended that reversible error was committed at the penalty stage of the trial when the prosecutor argued:

"In this instance, he has chosen to go to the jury. He chose not to go with the Judge who tries cases here day in and day out. He says 'I've got twelve people on there and now if I can hoodwink them, they will put me back on the ground.'"

An objection that this was a misstatement, prejudicial and outside the record was overruled.

Appellant cites Carr v. State, 128 Tex.Cr. R. 324, 81 S.W.2d 86, where the district attorney in a failure to support minor children case argued that he and the judge had told the accused if he would pay as much as two dollars a week, they would dismiss the case, but he would not pay. The court reversed and held that the jury could have drawn the inference that the trial judge and the district attorney had changed their minds about the matter, and that the argument was susceptible of the construction that the judge desired the accused be sent to the penitentiary.

Bowers v. State, 171 Tex.Cr.R. 345, 350 S.W.2d 27, was reversed where matters outside the record were argued, and the prosecutor asked the jury to send the accused to the penitentiary and he would stand by them on the verdict, and " * * * I want you to come to me and I'll tell you after it's all over * * * and you'll have a little different light on this matter."

These cases are not controlling. The Carr case holds that the argument of the prosecutor could have conveyed to the jury the wishes of the judge. The Bowers case holds that the prosecutor was informing the jury that there was more to the case which had not been introduced into evidence.

In the present case, the prosecutor informed the jury that appellant selected the jury rather than the judge, who tried many cases, to assess the punishment. He was in effect asking the jury not to be hoodwinked. The argument was not such as would convey to the jury the wishes of the judge and it did not inform them of other evidence not introduced into the case. The argument does not constitute reversible error.

The judgment is affirmed.

WOODLEY, P. J., not participating.