**Walter WADE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–88–00317–CR, 05–88–00318–CR.**

Court of Appeals of Texas, Dallas.

March 27, 1989.

John W. Bates, Dallas, for appellant.

Leslie McFarland, Dallas, for appellee.

Before STEWART, ROWE and BURNETT, JJ.

BURNETT, Justice.

Walter Wade, Jr., appeals the punishment assessed by the jury for two counts of aggravated sexual assault of a child under fourteen. Wade pled guilty to both counts and was sentenced by the jury to fifty years' confinement for each offense. In his first two points of error, Wade contends that the opinion testimony of the State's expert witness as to whether Wade was a good candidate for probation and whether a prison sentence would benefit the victim was improperly admitted. In his third point of error, Wade argues that he was denied a fair trial by the State's improper jury arguments. We find no merit in Wade's contentions; therefore, we affirm the trial court's judgment.

Wade pled guilty to the two charges of aggravated sexual assault of his seven and eight year old stepdaughters. During the course of the trial on punishment, the State called Dr. Robert Powitzky, a psychologist, as an expert witness.[1] In his first point of error, Wade maintains that the court improperly admitted Dr. Powitzky's opinion testimony that Wade was not a good candidate for probation. The complained of testimony is as follows:

> STATE: Then given your criteria and your assessment of the defendant, then would it be your opinion that Walter Wade is not a good candidate for probation in this case?
>
> DEFENSE COUNSEL: Your Honor, I will object to that question.
>
> THE COURT: I'm going to let him answer that.
>
> DR. POWITZKY: It would be my opinion that he's not.

 To preserve error, an objection must identify what is objected to and the specific grounds for the objection. *Cisneros v. State*, 692 S.W.2d 78, 83 (Tex.Crim. App.1985). In *McGowen v. State*, 664 S.W. 2d 355, 358 (Tex.Crim.App.1984), the Court observed that "a general objection is equiv-

---

1. Wade does not contest the qualifications or classification of Dr. Powitzky as an expert wit- ness.

alent to making no objection at all." Due to the absence of an objection on specific grounds, we overrule point of error number one.

In his second point of error, Wade asserts that over his objection, the trial court erroneously admitted the opinion testimony of Dr. Powitzky that a prison sentence frequently benefits victims. The complained of testimony is as follows:

> STATE: Has it been your experience that prison frequently benefits the victims of sexual assault cases?
>
> DEFENSE COUNSEL: Your Honor, I will object to that. That's irrelevant as to whats happened in other specific cases. I don't think its relevant in this case.
>
> THE COURT: Overruled. I'm going to let him answer that one.
>
> DR. POWITZKY: I think the *benefits* might be, again, depending on the child, that the child really sees that that person was responsible for the behavior, it was the offender, that society is saying "he's the guilty one; you're not the guilty one. It wasn't your fault whatsoever." I think that's the major benefit. The *problems* I have seen is the child feeling totally responsible that the father is going to prison. I think that has a lot to do with how the family ends up handling the children and how they're handled in counseling.

(emphasis added).

■ Expert testimony in a criminal proceeding is admissible only when 1) the witness is competent and qualified to testify; 2) the testimony will assist the jurors, as triers of fact, in evaluating and understanding matters not within their common experience and 3) the testimony's probative value outweighs its prejudicial effect. *Kirkpatrick v. State*, 747 S.W.2d 833, 834 (Tex.App.—Dallas 1987, pet. ref'd) (citing *Chambers v. State*, 568 S.W.2d 313 (Tex. Crim.App.1978), *cert. denied*, 440 U.S. 928, 99 S.Ct. 1264, 59 L.Ed.2d 484 (1979), and TEX.R.CRIM.EVID. 702, 403). The review by this court of the trial court's admission of expert testimony is limited to whether the trial court abused its discretion. *Steve*

*v. State*, 614 S.W.2d 137, 139 (Tex.Crim. App.1981).

Wade has not challenged Dr. Powitzky's competency or qualifications nor has he complained of any prejudice resulting from the testimony. Instead, Wade argues that the effect which a prison sentence may have had in other cases is irrelevant to this case. Because of the particular nature of this case, we disagree.

■ The Court of Criminal Appeals has held that it is not error to exclude expert testimony that it would be better for a defendant to be placed on probation. *Schulz v. State*, 446 S.W.2d 872, 874 (Tex. Crim.App.1969); *see Levingston v. State*, 651 S.W.2d 319, 324 (Tex.App.—Dallas 1983, no writ). The court reasoned that to admit such testimony would 1) invade the province of the jury and 2) cause a "battle of the experts" on the rehabilitive values of probation compared to confinement. *Schulz*, 446 S.W.2d at 874. However, invasion of the province of the jury is no longer a valid objection to expert testimony. *Hopkins v. State*, 480 S.W.2d 212, 218 (Tex. Crim.App.1972); *see* TEX.R.CRIM.P. 704.

■ In the instant case, the expert testimony did not involve a discussion of the rehabilitative effects of confinement versus probation on a particular defendant which the *Schulz* court sought to avoid. Instead, Dr. Powitzky testified to the possible effect of prison or probation on a general class of victims, minor sexual assault victims who lived with the man who had abused them and who may live with him again if he is released on probation. Wade's seven and eight year old step-daughters each testified that he assaulted them vaginally, anally and orally "lots of times." Although Wade pled guilty and conceded at trial that he has a problem, the evidence reflects that he has only attended fifty to sixty percent of his counseling sessions and has not fully participated in group sessions. Wade's wife testified that she continues to have a sexual relationship with him and speaks to him seven to eight times a day by phone.

■ At the punishment hearing, any evidence which is legally admissible to mitigate punishment or is relevant to the appli-

cation for probation may be admitted. *Allaben v. State*, 418 S.W.2d 517, 519 (Tex. Crim.App.1967). *See* TEX.CODE CRIM. PROC.ANN. art. 37.07. However, before the testimony of an expert is admissible, the subject must be one upon which a jury of laymen would benefit from the assistance of such expert testimony. *Hopkins*, 480 S.W.2d at 218.

We cannot conclude and are not aware of any cases which hold that the possible effects of sexual assault on a child victim are commonly known by laymen. Given the facts of this case, we also cannot conclude that this effect is not relevant to Wade's application for probation which, if granted, might result in Wade's presence in the children's home. As stated by Chief Justice Burger, "in the administration of criminal justice, courts may not ignore the concerns of victims." *Morris v. Slappy*, 461 U.S. 1, 14–15, 103 S.Ct. 1610, 1618, 75 L.Ed.2d 610 (1983); *See* Herasimchuk, *Criminal Justice and the State's Right to Due Process*, 30 S.Tex.L.Rev. 97, 124 (1988).

■ It was the duty of the trial court to determine whether the expert testimony would aid the jury and was thus relevant to Wade's application for probation. The decision of the trial court to admit expert testimony during the punishment phase of trial is left to the discretion of the trial court and that decision will not be questioned on appeal absent an abuse of discretion. *Steve*, 614 S.W.2d at 139. Under the particular facts presented in this case, we conclude that Wade has not demonstrated that the trial court abused its discretion.

■ We are further of the opinion that any error that may have occurred in the admission of the testimony was harmless. TEX.R.APP.P. 81(b)(2). The testimony objected to by Wade includes a discussion of both the possible benefits *and* problems of a prison sentence. In view of the comprehensive nature of Dr. Powitzky's response, we conclude beyond a reasonable doubt, that *if* admitted in error, the testimony of the psychologist on the possible effect of probation on the victims was not harmful. Wade's second point of error is overruled.

In his third point of error, Wade maintains that he was denied a fair trial because the prosecutor repeatedly argued matters outside the record and law involved in the case. Specifically, Wade complains of four different arguments made by the prosecutor during closing arguments at the punishment phase of the trial. The first argument complained of is the statement by the State that Wade pled guilty to a first degree felony and that a first degree felony is the most serious kind of felony apart from a capital case. Wade objected to the statement as being outside the record and not the law involved in this case. The court overruled the objection because the argument was a correct statement of the law. The second argument complained of is the State's explanation of other first degree felonies, including murder. In this instance however, the trial court sustained the objection and instructed the jury to disregard the comment. Wade next objects to the State's argument that Wade committed a "kind of murder" by killing the innocence of the young children he sexually abused. The trial court overruled his objection to this argument. The final argument raised on appeal concerns the statement by the State that this case was the worst case of sexual assault the jury would hear about. Wade's objection to the argument was sustained and the court promptly instructed the jury to disregard the comment.

■ As a general rule, an instruction to disregard improper jury argument will cure the error. *Anderson v. State*, 633 S.W.2d 851, 855 (Tex.Crim.App.1982). Thus, in the event that the prosecutor's explanation of other first degree felonies and comment that this was the worst case of sexual assault were improper, the court's prompt instruction to the jury cured any impropriety.

If we assume, but do not so hold, that the other two arguments were improper, we must decide whether or not the alleged error contributed to the punishment assessed by the jury. TEX.R.APP.P. 81(b)(2). Wade requested that he receive probation for the two offenses. Conversely, the prosecutor argued for the maximum sentence of ninety-nine years of life. The jury granted neither request and instead as-

sessed punishment at fifty years confinement for each offense.

As discussed with regard to point of error number two, each of the young girls testified that Wade had assaulted them "lots of times." There was also testimony from the children that Wade had threatened them if they reported the abuse and that he had made them "smoke dope." Dr. Powitzky testified that Wade only attended fifty to sixty percent of the counseling sessions and did not fully participate in the group sessions. There is evidence in the record that Wade's employer had not discouraged his attendance despite the fact that Wade needed to leave early to attend counseling. Wade himself testified that he knew he had a problem and did not know what caused it. Although Wade testified that he was sorry and accepted full responsibility for his actions, the credibility of witnesses is for the trier of fact to decide. *Coe v. State,* 683 S.W.2d 431, 438 (Tex. Crim.App.1984).

In view of the evidence adduced at trial, we hold beyond a reasonable doubt that if error was committed during jury argument, it did not contribute to the sentence assessed by the jury. Thus, the allegedly improper argument did not deny Wade a fair trial. Point of error three is overruled.

The judgment of the trial court is affirmed.