**Bart Lindsey VAUGHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–00–00245–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 14, 2001.

Decided Nov. 30, 2001.

Robert B. Ardis, Sulphur Springs, for appellant.

Frank Long, Franklin County/Hopkins County Dist. Atty., Martin E. Braddy, Timothy S. Linden, Asst. Dist. Attys., Sulphur Springs, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

WILLIAM J. CORNELIUS, Chief Justice.

Bart Lindsey Vaughn was convicted by a jury of the felony offense of bail jumping and failure to appear. Because of prior felony convictions, his punishment was enhanced as a habitual offender and he was sentenced to sixty-five years' confinement. On appeal, he challenges the trial court's refusal to allow the court reporter's tape recording of a bond reduction hearing to be admitted during the punishment phase of trial.

Vaughn was arrested for the felony offense of driving while intoxicated. He posted bond and was released from custody. After failing to appear on the date of trial, Vaughn was arrested and new bond set at $30,000.00 cash. A bail bond reduction hearing was held at which Vaughn testified that he fled Texas to Missouri, missing his court date because he had rejected a man's murder-for-hire offer, feared for his own life as a consequence, and sought police help to no avail. Bond was reduced, and Vaughn was later released. Subsequently, he was indicted and tried for the felony offense of bail jumping and failure to appear.

At the guilt/innocence phase of trial, Vaughn unsuccessfully sought to introduce a tape of the bail bond reduction hearing for the purpose of showing his reasonable

excuse for failing to appear. On objection from the State, the court ruled that the tape recording was hearsay and also contained irrelevant material. Vaughn's testimony at the guilt/innocence phase of the trial was restricted to his contention that he missed his court date because he feared for his life. He did not testify about a murder-for-hire offer because it was deemed hearsay. At the punishment phase of trial, Vaughn again sought unsuccessfully to introduce the tape recording of the bail bond reduction hearing, because the court again sustained the State's objection that it was hearsay.

■ On appeal, Vaughn raises only one issue for review, whether the trial court erred by refusing to allow the tape recording of the bail bond reduction hearing to be admitted during the punishment phase of trial. He raises no issue about exclusion of the "murder for hire offer."

■ Vaughn sought admission of the tape recording of the bail bond reduction hearing which contained Vaughn's testimony relevant to the issue of whether he had a reasonable excuse for his failure to appear. However, it also contained testimony irrelevant to that reason by other persons, and the trial court took note of this. When evidence that is partially admissible and partially inadmissible is excluded, a party may not complain on appeal unless the admissible evidence was specifically offered. *Jones v. State*, 843 S.W.2d 487, 492–93 (Tex.Crim.App.1992), *overruled on other grounds, Maxwell v. State*, 48 S.W.3d 196, 200 (Tex.Crim.App.2001); *see also Schulz v. State*, 446 S.W.2d 872, 874 (Tex.Crim.App.1969); *Brown v. Gonzales*, 653 S.W.2d 854, 864 (Tex.App.—San Antonio 1983, no writ). Because Vaughn did not specifically offer only that portion of the transcription of the taped hearing that related to his claim of reasonable excuse, his appellate complaint has not been preserved for review.

We affirm the judgment of the trial court.

GRANT, Judge, concurring.

First, Bart Lindsey Vaughn should have been allowed to testify about the murder-for-hire offer. This evidence was not offered to show the truth of the matter stated, but rather to show a verbal act causing Vaughn to flee the state. As such, it would not be hearsay. *See* TEX.R. EVID. 801(d). The truth of the matter stated goes to the content of the statement to which the witness referred, not to whether the statement was made. Whether the statement had been made was a question of credibility for the jury. Nevertheless, this matter is not raised on appeal and therefore cannot be addressed by this court.

Because this matter was excluded on the basis of hearsay, Vaughn offered the record of the previous bail bond hearing in the same criminal proceeding. TEX.R. EVID. 801(e)(1) allows the introduction of testimony at a previous trial or hearing, subject to certain requirements. This rule states that such statements are not hearsay. However, this offer does not fall within any of the exceptions under that rule. The exception which might have been applicable would be TEX.R. EVID. 801(e)(1)(B) to show that Vaughn's statement as to why he fled the state was not a recent fabrication. However, because he was not permitted to testify about the reason for the threat he contended was made against him, there was no evidence offered to rebut this matter. Thus, this exception could not apply.

For these reasons, I concur with the majority.