Opinion issued April 8, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00991-CR

———————————

Artimus Lorenzo Fegans, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 262nd District Court 

Harris County, Texas



Trial Court Case No. 1169987

 



 

MEMORANDUM OPINION

          A jury
found appellant, Artimus Lorenzo Fegans, guilty of aggravated robbery and
assessed punishment at 40 years’ confinement. 
In three related points of error, appellant contends that the trial
court erred by (1) refusing to permit evidence at the punishment phase of trial
that, since the date of trial, appellant had become paralyzed and, (2) allowing
the prosecutor to characterize appellant as dangerous, despite knowing that he
was confined to a wheelchair.  We affirm.

BACKGROUND

          On
August 4, 2007, appellant and three other men entered a Sprint store,
brandishing guns and demanding money from the store’s employees.  After taking money from the registers and a
safe in the back room, the men fled.  The
robbery was captured on video surveillance cameras.  Approximately three weeks later, appellant
was identified in a photospread and was arrested.  

          After
the guilt/innocence phase of trial, the jury found appellant guilty of
aggravated robbery and proceeded to the punishment phase.  At punishment, appellant stipulated that he
had previously been convicted of aggravated robbery, aggravated kidnapping, and
possession of marihuana.  A police
officer also testified that he had previously stopped appellant for a traffic
offense and found that appellant was in illegal possession of a handgun and
marihuana.

          At
punishment, counsel for appellant advised that court that he wished to present
evidence that appellant had become permanently paralyzed while in the Harris
County Jail.  Counsel argued that the
evidence was relevant (1) to the jury’s consideration of appellant’s possible
future dangerousness, (2) to the increased costs to taxpayers to support an
extended imprisonment of a paralyzed inmate, and (3) to appellant’s plea for
leniency.  The record also indicates that
appellant intended to offer not only the fact of his current paralysis, but
also that the paralysis was permanent and was the result of negligence by the
County or the Hospital District while appellant was in jail.[1]  Counsel stated that he intended to present
this evidence through the testimony of appellant’s “civil lawyer who has far
more personal knowledge of the disability[,] how it came about, how it got
exacerbated, et cetera, [who] will testify from firsthand knowledge to those
matters, which are arguably admissible[.]”

          After considering
counsel’s proffered evidence, the trial court found the evidence irrelevant as
to punishment and excluded it.

 

RELEVANCY

          In his first point of error,
appellant contends that the trial court abused its discretion by not allowing him
to present evidence at punishment that, since the date of the offense,
appellant had become a paraplegic and was confined to a wheelchair.

Standard of Review and Applicable Law

We review a trial court’s decision to admit or to exclude
evidence for abuse of discretion.  Green
v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). When the trial
court’s evidentiary ruling is within the “zone of reasonable disagreement,”
there is no abuse of discretion, and the reviewing court must uphold the trial
court’s ruling. Id. All relevant evidence is admissible, except as
otherwise provided by Constitution, by statute, by the rules of evidence, or by
other rules prescribed pursuant to statutory authority.  Tex.
R. Evid. 402. Evidence is relevant if it tends to make the existence of
any consequential fact more or less probable than it is without the evidence. Tex. R. Evid  401.  

In all criminal cases, after a finding
of guilt by either a judge or a jury, both parties may offer any evidence
relevant to sentencing.  Rivera v.
State, 123 S.W.3d 21, 30 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).
This evidence may include the defendant’s prior criminal record, character
testimony, reputation testimony, or evidence of extraneous crimes or bad acts that
the defendant has been shown, beyond a reasonable doubt, to have committed. Id.
 The trial court is required to afford
the defendant the opportunity to present evidence, including
character testimony and evidence of mental-health
problems and other life-challenges, in mitigation of punishment. Tex. Code
 Crim. Proc. Ann. art. 37.07  § 3(a)(1) (Vernon 2003).  The determination of what is “relevant” in
regard to punishment, under article 37.07 section 3(a), “should be a question
of what is helpful to the jury in determining the appropriate sentence in a
particular case.” Mendiola v. State, 21 S.W.3d 282, 285 (Tex. Crim. App.
2000). 

Application of Law to Facts

The State argues that the trial
court did not abuse its discretion in refusing to admit appellant’s proffered
testimony because some was arguably relevant, while some was not.  Specifically, the State argues that “[a]lthough
[appellant’s] confinement to a wheelchair might be relevant to sentencing, his
claims that Harris County Employees cause the paralysis, was not.  His civil claims against the county had no
relevance to his sentencing for aggravated robbery.”  We agree.

          Appellant
did not make a bill of exception.[2]  He argued to the trial court that he wanted
to call his civil attorney to testify “to the matter of [appellant becoming
disabled, i.e., permanently paralyzed while he was an inmate in the Harris
County Jail.”  The trial court clarified
that appellant wished to offer evidence of his “claims against Harris County”
and “the extent of [appellant’s] injuries, and basically how they came about
through the negligence of the hospital district or misdiagnosis[.]”      

When a trial court is presented with a
proffer of evidence containing both admissible and inadmissible statements and
the proponent of the evidence fails to segregate and specifically to offer the
admissible statements, the trial court may properly exclude all of the
statements.  Willover v. State, 70 S.W.3d 841, 847 (Tex. Crim. App. 2002).  In Jones v. State, 843 S.W.2d 487,
492-493 (Tex. Crim. App. 1992), the court explained:

Inadmissible hearsay testimony does not become admissible
simply because it is contained within an admissible document or transcript. The
trial court need never sort through challenged evidence in order to segregate
the admissible from the excludable, nor is the trial court required to admit
only the former part or exclude only the latter part. If evidence is offered
and challenged which contains some of each, the trial court may safely admit it
all or exclude it all, and the losing party, no matter who he is, will be made
to suffer on appeal the consequences of his insufficiently specific offer or
objection . . . . When evidence which is partially admissible and partially
inadmissible is excluded, a party may not complain upon appeal unless the
admissible evidence was specifically offered.” (footnotes and some punctuation omitted).

Here, the record
demonstrates that appellant failed to sort out the admissible portions of the evidence that he wished to offer
from the inadmissible portions. Part of appellant’s evidence
concerned his civil claims against Harris County for causing his injuries.  While the
fact of appellant’s injury may have been relevant to the issue of his
future dangerousness, the cause of
his injury would not have been relevant to that issue or any other issue at
punishment. See Tex. R. Evid. 401 (defining relevant
evidence as that which makes “the existence of any fact that is of consequence
to the determination of the action more or less probable”).  Similarly, the trial court could have
concluded that appellant’s civil trial attorney was not qualified to testify as
an expert on appellant’s future prognosis. 
See Tex. R. Evid. 702 (requiring witness qualified as expert by
knowledge, skill, experience, training, or education to testify as to an opinion).[3] “It is
not incumbent upon the trial court, where evidence offered is relevant or
admissible in part only, to separate the good from the bad but it may reject
the evidence as a whole.”  Schulz v.
State, 446 S.W.2d 872, 874 (Tex. Crim. App. 1969).  Because appellant did not separate the admissible
evidence from the inadmissible evidence, the trial court did not err in
excluding all of it.

We overrule appellant’s first point of
error.

JURY ARGUMENT

          In points of error two and three,
appellant contends that the trial court erred by permitting the prosecutor to
argue that appellant was dangerous and likely to commit future violent crimes
despite knowing that appellant was paralyzed and confined to a wheelchair.  

          In the past,
the Court of Criminal Appeals held that one must object to preserve error
regarding prosecutorial argument, except when “the prosecutor’s argument is so
prejudicial that an instruction to disregard will not cure the harm.”  Briddle
v. State, 742, S.W.2d 379, 389 (Tex. Crim. App. 1987).  However, in Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), the
court overruled the line of cases recognizing this exception and held that “[a]
defendant’s failure to object to a jury argument or a defendant’s failure to
pursue to an adverse ruling his objection to a jury argument forfeits his right
to complain about the argument on appeal.” 
Appellant did not object at trial about the argument of which he now
complains on appeal, and thus the issue is waived.

          We overrule
issues two and three.

 

CONCLUSION

          We
affirm the judgment of the trial court.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Higley.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
              In clarifying what evidence appellant wished to
offer, the trial court stated that it was his understanding that appellant
wished to elicit evidence of  the
following:

 

Just so that I’m clear, we
had—just so the record is clear, we had conversations prior to this off the
record sort of a proffer of what you intended to offer about Mr. Fegans, I
guess at this point, alleged claims against the [sic] Harris County either
being the jail or the hospital district, whoever all is listed in a
pending  [civil] lawsuit as I understand
it.  And the proffer called for talking
about the extent of his injuries, and basically how they came about through the
negligence of the hospital district or misdiagnosis and so forth.  Again, that’s a general description, but I
believe that’s the tenor of what was being offered.





[2]
              We do not consider the affidavits filed in
connection with appellant’s motion for new trial in connection with the trial
court’s ruling on the admissibility of the evidence because the affidavits were
not before the trial court when it made its ruling.  See
Estate of Miller, 243, S.W.3d 831, 838 (Tex. App.—Dallas 2008, no pet.)
(refusing to consider affidavits attached to motion for new trial in reviewing
admissibility of evidence at trial).





[3]
              Appellant also argues that the trial court
instructed his sister “not to say anything about paralysis, medical condition,
anything like that.”  The fact of
appellant’s paralysis is not relevant to show future dangerousness unless tied
to evidence of appellant’s future prognosis. We have already held that the
trial court could have concluded that appellant’s civil attorney was not
qualified to provide such testimony. Likewise, the trial court could have
concluded that appellant’s sister was also not qualified to provide such
testimony.