

IN THE
TENTH COURT OF APPEALS

No. 10-13-00361-CR
No. 10-13-00365-CR

DARREL WAYNE WASHINGTON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court Nos. 2012-1809-C1 and 2011-1691-C1

## OPINION

Darrel Wayne Washington pled guilty in one trial court case to the offense of possession of cocaine with the intent to deliver, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010), which has been assigned the appellate case number 10-13-00361-CR; and he also pled guilty in another trial court case to two offenses, possession of cocaine with the intent to deliver and possession of ecstasy with the intent to deliver, *see id.*, which has been assigned the appellate case number of 10-13-00365-CR. Punishment

for all three offenses was tried in one proceeding to a jury, and Washington was sentenced to 55 years in prison for each offense. Because the trial court erred in admitting evidence but the error was not harmful, the trial court's judgments are affirmed.

**EXPERT RECOMMENDATION OF PUNISHMENT**

In his sole issue for each appeal, Washington contends the trial court erred in admitting the opinion testimony of an expert witness that a sentence at the low end of the punishment range would not be appropriate for Washington.[1] Specifically, Washington contends the admission was error because that type of testimony has been expressly disallowed by the Court of Criminal Appeals.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court abuses its discretion only when the decision lies outside the zone of reasonable disagreement. *Id*.

The Court of Criminal Appeals has held that "the argument that a witness may recommend a particular punishment to the trier of fact has been soundly rejected" and concluded that such testimony would escalate into a "battle of the experts." *Sattiewhite*

---

[1] The parties have briefed the issue as the opinion testimony of an expert witness and we will address it as such. The witness was a police officer whose expertise was in the area of the illegal drug trade in Waco, Texas. There was nothing specific to show his expertise on the penalogical, psychological, or sociological impact of prison sentences beyond what a lay person would attribute to sentences of various lengths. In fact, the witness was cross-examined by Washington's counsel regarding his lack of psychological expertise generally.

*v. State*, 786 S.W.2d 271, 290 (Tex. Crim. App. 1989). The State argues that *Sattiewhite* does not apply in this case because the expert did not recommend a specific punishment, but testified only that punishment at the lower end of the range would not be appropriate. However, the Court in *Sattiewhite* cited *Schulz v. State* which affirmed the trial court's refusal to permit a psychiatrist to give opinion testimony that it would be better for the appellant to be placed on probation than to serve time in prison, because, it held, permitting such testimony would invade the province of the jury. *Schulz v. State*, 446 S.W.2d 872, 874 (Tex. Crim. App. 1969). Further, in *Assay v. State*, another case cited by *Sattiewhite*, the Court of Criminal Appeals held that it was proper for the trial court to exclude expert testimony that a short term of imprisonment would be more likely to affect the reform of the defendant rather than a long term of imprisonment. *Assay v. State*, 456 S.W.2d 903, 905 (Tex. Crim. App. 1970).

We recognize that *Schulz* and *Assay* both affirmed the decision of the trial court to exclude evidence rather than, as in this case, the decision to admit the evidence. We believe the policy decision announced by the Court of Criminal Appeals, that a battle of experts regarding appropriate punishment is improper, is the core holding which we will apply in this case. Based on each of these cases, *Schulz*, *Assay*, and *Sattiewhite*, we conclude that even though the expert did not recommend a particular term of years, this type of testimony, that is, recommending a range within which to punish or not

punish the defendant, is also impermissible. Thus, the trial court abused its discretion in overruling Washington's objections to the expert's testimony.

## HARM ANALYSIS

Having concluded that the trial court abused its discretion, we must now consider whether Washington was harmed as the result of this error. Generally, errors concerning the admission of the State's evidence over a defendant's objections are non-constitutional errors. *See Easley v. State*, 424 S.W.3d 535, 539 (Tex. Crim. App. 2014). Thus, the trial court's error in admitting the expert's testimony should be disregarded unless the error affected Washington's substantial rights. *See* TEX. R. APP. P. 44.2(b); *see also Reyes v. State*, No. 03-10-00082-CR, 2011 Tex. App. LEXIS 4811, *17 (Tex. App.— Austin June 24, 2011, no pet.) (not designated for publication). "[S]ubstantial rights are not affected by the erroneous admission of evidence 'if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (*quoting Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

Washington was 23 years old at the time of his trial. He pled guilty to three drug offenses: possession with the intent to deliver cocaine (two offenses) and possession with the intent to deliver ecstasy. He had another charge of possession of cocaine pending and a conviction for possession of marijuana in Falls County. He had access to a loaded handgun in each of these offenses.

Washington was also found to have engaged in delinquent conduct by committing four felony offenses as a juvenile; those being, aggravated sexual assault of a child, indecency with a child, and two offenses of burglary of a habitation. He was also found to have engaged in delinquent conduct by committing the offense of cruelty to animals. In that offense, he was accused of throwing a dog he helped steal out of a window of a moving vehicle. He was placed on juvenile probation for all of these offenses. Washington's juvenile probation was revoked when he committed a burglary of a building in which he stole a purse out of his school when the school was closed. He was sent to the Texas Youth Commission for two years.

A chart was introduced into evidence showing all of Washington's offenses.

Washington testified at the punishment hearing and attempted to downplay his involvement in and the severity of the offenses for which he had been charged, both as a juvenile and an adult. He wrote a letter to the Falls County District Attorney asking for probation in his Falls County possession of cocaine case and claiming he wanted to be a productive part of society. After he bonded out of jail pending the disposition of that case, he committed the three offenses for which he was on trial. While in jail for these offenses, he wrote to his former teacher and asked him to request probation from the judge, again claiming he wanted to be a productive part of society. The teacher testified at the punishment hearing that Washington should be sentenced to only 15

years in prison. Washington's girlfriend also testified that Washington should be sentenced to the low end of the punishment range.[2]

Although the State argued to the jury that it did not want to send a message to drug dealers that a 20 to 35 year sentence was all someone with Washington's history would receive in McLennan County, and although four out of the 12 jurors had stated in voir dire that deterrence was the type of punishment the juror identified with, we cannot say, after examining the record as a whole, that the error in the admission of the expert's testimony influenced the jury or had more than a slight effect on the jury.

**CONCLUSION**

Accordingly, Washington's sole issue is overruled, and the trial court's judgments are affirmed.

TOM GRAY<br>Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 19, 2015
Publish
[CRPM]



---

[2] We remind the reader that this is the harm analysis and we consider for harm analysis purposes that Washington was allowed to introduce the same type of punishment range testimony from his witnesses that the State was allowed to introduce. Such evidence even from Washington's witnesses would have been inadmissible if properly objected to by the State. This is the very type of "battle" that the Court of Criminal Appeals was trying to otherwise prevent by *Sattiewhite*.