# Court of Appeals
## Tenth Appellate District of Texas

10-23-00180-CR

Charles S. McKissack, Jr.,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
13th District Court of Navarro County, Texas
Judge James E. Lagomarsino, presiding
Trial Court Cause No. D40939-CR

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Charles S. McKissack, Jr. was convicted of Driving While Intoxicated, enhanced, *see* TEX. PENAL CODE § 49.09(b), and sentenced to 10 years in prison. The trial court suspended his sentence and placed him on community supervision for seven years. Because McKissack was not harmed by the admission of evidence in violation of article 39.14(a) of the Texas Code of Criminal Procedure and because there was no fatal variance between the

enhancement allegations and the proof at trial, the trial court's judgment is affirmed.

## ARTICLE 39.14(a) OBJECTION

McKissack contends in his first issue that the trial court erred in allowing the introduction of evidence and testimony about the Intoxilyzer 9000 over McKissack's article 39.14(a) objection. He requests a new trial or an acquittal.

At trial, prior to Department of Public Safety Trooper Matthew Ochoa's testimony, McKissack objected to Ochoa "testifying about anything in front of the jury regarding the Intoxilyzer 9000" because McKissack had previously requested Ochoa's certification for operating the Intoxilyzer and the State failed to turn it over. The State maintained that it was not required to provide DPS documents to McKissack.

The trial court carried the objection until Ochoa's testimony concerning the Intoxilyzer and McKissack's breath test. Prior to that testimony, McKissack reiterated the same objection and asked for the testimony to be excluded. After a brief recess, the trial court decided "to allow the testimony regarding the Intoxilyzer" and gave McKissack a running objection.

McKissack also objected to the testimony of Scott Brown, the Regional Manager for the Breath Alcohol Testing Program, before Brown's testimony

regarding the breath test and the results because McKissack's prior requested discovery on the Intoxilyzer and its various maintenance reports had not been turned over by the State. The State asserted it was not required to turn over publicly available documents. The trial court provided the following ruling:

> THE COURT: And I think y'all have heard my statement earlier, which I will put that in a written Findings and Conclusions.
>
> DEFENSE COUNSEL: And we would request that again if your Ruling's going to be the same.
>
> THE COURT: It'll be the same.

As amended by the Michael Morton Act in 2013, article 39.14(a) of the Texas Code of Criminal Procedure requires the State to produce–upon timely request and subject to the limitations set forth in article 39.15–"objects or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the [S]tate or any person under contract with the [S]tate." TEX. CODE CRIM. PROC. art. 39.14(a). Evidence is material if it has "a logical connection to a consequential fact." *See Watkins v. State*, 619 S.W.3d 265, 290 (Tex. Crim. App. 2021).

These statutory requirements extend to documents, items, or information in the possession of law enforcement "even if law enforcement's possession of [that] evidence is unknown to counsel for the State." *Heath v.*

*State*, 696 S.W.3d 677, 693 (Tex. Crim. App. 2024); *see also* TEX. CODE CRIM. PROC. art. 2.1397 (recognizing that, effective September 1, 2021, the State's duty to produce discoverable information extends beyond the prosecutor to items in the possession of law enforcement by imposing written verification obligation). "[J]ust as defense counsel has an obligation to investigate the case before he goes to trial, the prosecutor has a duty to know what evidence is at his disposal." *Heath*, 696 S.W.3d at 704 & n.122 (quoting *Hollowell v. State*, 571 S.W.2d 179, 180 (Tex. Crim. App. [Panel Op.] 1978)).

On appeal, the State admits that McKissack sent a request for the items and the State did not provide them to McKissack. Further, the State does not dispute the materiality of the items. Thus, the items requested by McKissack pertaining to the Intoxilyzer and Trooper Ochoa's certification should have been produced, and the trial court erred in overruling McKissack's objections. The next question, however, is whether McKissack was harmed by the trial court's erroneous decision. *See Watkins v. State*, 619 S.W.3d 265, 291 (Tex. Crim. App. 2021).

We review article 39.14(a)-error for non-constitutional harm pursuant to Texas Rule of Appellate Procedure 44.2(b) because a violation of the discovery production rules is a function of statutory, not constitutional, error. *See* TEX. R. APP. P. 44.2(b); *Watkins v. State*, No. 10-16-00377-CR, 2022 Tex. App. LEXIS

228, at *3 (Tex. App.—Waco Jan. 12, 2022, pet. ref'd) (not designated for publication). Thus, any error in admitting Ochoa's and Brown's testimony and in admitting the results of the Intoxilyzer should be disregarded unless the error affected McKissack's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Washington v. State*, 457 S.W.3d 634, 636 (Tex. App.—Waco 2015, no pet.). "[S]ubstantial rights are not affected by the erroneous admission of evidence 'if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.'" *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (quoting *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

In reviewing the record in this case, we find that testimony regarding the Intoxilyzer instrument and its results was not the only evidence of McKissack's intoxication. Ochoa happened upon McKissack as McKissack was attempting to pick up his motorcycle after laying it over in the middle of the street while trying to park it. Ochoa noticed McKissack's thick-tongued and slurred speech and his bloodshot and glossy eyes. He also noticed an odor of alcohol. McKissack admitted to Ochoa to being intoxicated and having had two shots of tequila and three beers within the last four hours. He also admitted that he doubted he could pass a breath test. Further, Ochoa observed four of six HGN-test clues of intoxication, with four being the arrest decision point,

and four of eight walk-and-turn-test clues of intoxication, with two clues being the arrest decision point. Moreover, the jury was charged on intoxication by not having the normal use of mental or physical faculties by the reason of the introduction of alcohol as well as by having an alcohol concentration of 0.08 or more.

Thus, after examining the record as a whole, we cannot say any error in admitting testimony regarding the Intoxilyzer instrument and the test results influenced the jury or had more than a slight effect on the jury.

Accordingly, McKissack was not harmed, and his first issue is overruled.[1]

**VARIANCE**

In his second issue, McKissack complains the evidence is insufficient to support his conviction because there was a fatal variance between the pleadings and the proof at trial. Specifically, he complains the date of conviction listed in one of the three enhancement allegations was different than the date proved at trial, the variance was fatal, and, thus, the evidence was insufficient.

As the record reflects, the indictment in this case alleged a prior conviction "in cause number 43727 in the County Court of Navarro County,

---

[1] Despite the State's failure to abide by the Michael Morton Act, we are constrained to do anything about that failure in this case.

Texas…of an offense relating to the operating of a motor vehicle while intoxicated." The date of conviction alleged was January 23, 1997. At trial, it was shown that the date of conviction was April 11, 1997.[2] The discrepancy was not noticed until after the close of the evidence. After McKissack raised a motion for directed verdict, which was denied, the State made an oral motion to amend the indictment due to the date discrepancy. Arguing against the motion to amend, McKissack essentially responded that the State should not be allowed to amend because the State had the burden to prove the date; not the defendant.[3] After an overnight recess, the trial court overruled the State's motion to amend.

It is well settled that it is not necessary to allege prior convictions for the purpose of enhancement with the same particularity as is required in charging the primary offense. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986); *Cole v. State*, 611 S.W.2d 79, 80 (Tex. Crim. App. 1981). The purpose of an enhancement allegation is to provide the accused with notice of the prior conviction relied upon by the State. *Cole*, 611 S.W.2d at 82. Only if such a variance misled or surprised the defendant to his prejudice would it be found

---

[2] Evidence showed the January date was the date of the offense.

[3] E.g., "If I had known about this for two years and sat on it, I would still be justified in Directive Verdict, because they didn't prove their case."

material and require reversal. *Freda*, 704 S.W.2d at 42, 43 (Tex. Crim. App. 1986). A mere or slight variance between the indictment's allegations and the proof at trial will not render evidence insufficient to sustain the conviction. *See Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988).

In this case, the enhancement paragraph contained the cause number of the prior conviction, the court in which the conviction was obtained, and a description of the offense. McKissack also admitted to Trooper Ochoa that he had two prior driving while intoxicated convictions. This admission was captured on a body-cam video which had been made available to McKissack prior to trial. Accordingly, even though the enhancement paragraph alleged the date of the offense rather than the date of the conviction, it provided notice to McKissack of the conviction on which the State was relying. And despite McKissack's contention in his brief to the contrary, we cannot say that, at trial, he showed such surprise or prejudice as to make this discrepancy a fatal variance. *See Cole v. State*, 611 S.W.2d 79, 82 (Tex. Crim. App. 1981).

Thus, there was no fatal variance, and the evidence was sufficient to prove the enhancement allegation. McKissack's second issue is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.

_____

LEE HARRIS
Justice

OPINION DELIVERED and FILED:  April 10, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do Not Publish
[CR25]

