# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00763-CR

**Constance Hurst Cohran, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 55133, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Constance Cohran appeals her conviction for theft of a firearm. *See* Tex. Penal Code Ann. § 31.03(e)(4)(c) (West Supp. 2006). A jury found Cohran guilty, and the district court assessed punishment at two years in jail, probated for five years. We will affirm.

### BACKGROUND

Cohran was arrested for theft of a firearm on May 3, 2003. At the time, Cohran lived with Sergeant Roosevelt Stevens. After returning from a trip, Stevens discovered that several new articles of clothing were missing from his home. At this time, Cohran was out of the state visiting relatives. Stevens telephoned Cohran and asked her about the missing clothing. She denied taking the clothing but admitted taking something else that he owned. Approximately one week later, Stevens realized that his .357 Magnum revolver was missing. Stevens confronted Cohran, and she admitted that she had taken his firearm. Due to the theft, Stevens refused to allow Cohran access

to his house when she returned from her trip. Cohran then called the police to retrieve her belongings and an officer was dispatched. The officer interviewed both parties, and Cohran admitted to taking and pawning the firearm. The firearm was later recovered from a pawn shop, and the manager confirmed that Cohran pawned the firearm.

On June 14, 2004, the State filed a motion for continuance because Stevens was deployed overseas with the U.S. Army. The district court granted the motion, and the trial was held in September 2005. Cohran was tried before a jury and found guilty. This appeal followed.

## DISCUSSION

Cohran raises three issues on appeal. She contends that the district court erred by (1) granting the State's written, unsworn motion for continuance; (2) not allowing Cohran to make a statement regarding her theory of the case during voir dire; and (3) allowing the State to discuss the theft of Sgt. Steven's clothing. We will address each issue in turn.

**Motion for Continuance**

In her first issue, Cohran insists that the district court erred by granting the State's motion for continuance because the motion was not sworn to by a person having personal knowledge of the facts relied upon for the continuance as required by article 29.08 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. Art. 29.08 (West 1989). The district court's ruling on a motion for continuance is reviewed for an abuse of discretion. *Vasquez v. State*, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002). Generally, to establish an abuse of discretion, Cohran must demonstrate that she was actually prejudiced by the granting of the continuance. *Id*.

Cohran contends that the State's unsworn motion for continuance should not have been granted because it did not preserve anything for review on appeal. *See Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999) (stating that motion for continuance not in writing and not sworn preserves nothing for review). Thus, Cohran argues that the district court committed reversible error by granting the unsworn motion. We disagree.

Whether or not the State failed to preserve error with regard to the district court's granting of the State's motion for continuance is irrelevant. Our only concern is whether the district court abused its discretion in granting the motion. *Vasquez*, 67 S.W.3d at 240. Cohran explicitly states in her brief that she does not challenge the validity of the State's grounds for a continuance. Moreover, she does not establish that she was prejudiced as a result of the continuance. During the hearing regarding the motion for continuance, she claimed that she was unable to find work as a counselor because of the charges against her. However, she later testified that she was employed as a prevention manager for the Central Texas Council on Alcohol and Drug Abuse while awaiting trial. In her brief, she does not make any specific references to any hardship that the continuance caused. She also does not claim that the continuance impaired her ability to prepare her defense. Therefore, the error did not have an effect on the outcome of the case. *See* Tex. R. App. P. 44.2(b) (stating non-constitutional error is harmless unless substantial rights are affected); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001) (finding that a substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict). On these facts, we cannot conclude that the district court abused its discretion in granting the State's motion for continuance. We overrule Cohran's first issue.

**Voir Dire**

In her second issue, Cohran argues that the district court erred in sustaining an objection during voir dire because the State's counsel did not state the grounds for the objection. Cohran contends that the district court erred by sustaining the State's objection to the following statement made by defense counsel during voir dire:

> Counsel for Defense: What's this case about? Really pretty simple case. It's an important case but it's pretty simple. It's about folks who use the police to settle their own personal domestic—
>
> Mr. Waldman: Objection, your honor.
>
> The Court: Sustained

To support her argument, Cohran relies on evidence rule 103(a)(1). *See* Tex. R. Evid. 103(a)(1). She contends that rule 103(a)(1) required State's counsel to specify the grounds for the objection for the district court to properly sustain it. We disagree.

The decision of a district court to restrict voir dire is reviewed for an abuse of discretion. *Allridge v. State*, 762 S.W.2d 146, 163 (Tex. Crim. App. 1990). The district court abuses its discretion when a proper *question* regarding a proper area of inquiry is forbidden. *Id.* A question is proper if its purpose is to discover a juror's views on an issue applicable to the case. *Nunfio v. State*, 808 S.W.2d 482, 484 (Tex. Crim. App. 1991).

Rule 103(a)(1) specifically deals with the admission or exclusion of evidence. Here, the district court did not rule on an evidentiary issue so the rule did not apply. Even if rule 103 did

apply, the district court excluded evidence presented by Cohran. It did not admit evidence presented by the State. Therefore, rule 103(a)(2) puts the burden on Cohran to make an offer of proof to preserve the error on appeal. Cohran did not make an offer of proof after the State's objection was sustained.

Additionally, Cohran's "question" that was objected to was not a question but a statement of fact. The fact that Cohran was making a statement to the entire panel and not questioning prospective jurors to find their views on issues applicable to the case was sufficient grounds for sustaining the objection. *Cadoree v. State*, 810 S.W.2d 786, 790 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd); *see Barajas v. State*, 93 S.W.3d 36, 37 (Tex. Crim. App. 2002) (a question may be too vague to constitute a proper question). Additionally, the district court did not prohibit Cohran from asking prospective jurors questions regarding this theory of the case. Cohran also argued this theory to the empaneled jury during trial. Therefore, the district court did not abuse its discretion by sustaining the State's objection. We overrule Cohran's second point of error.

**Extraneous Offense**

In her final issue, Cohran claims that the district court erred by allowing the State to offer evidence of the extraneous offense of stealing Steven's clothing against Cohran. At trial, Stevens testified that after returning from a trip, several new outfits were missing from his room. This fact led him to ask Cohran if she had taken them. Although she denied taking the clothing, Stevens's questions led her to admit that she took something else that belonged to him. Subsequently, Stevens realized that his firearm was missing. Cohran's admission that she had taken

5

something from the house led him to believe that Cohran may have stolen his firearm. We need not discuss this argument because Cohran failed to preserve the issue for appeal.

A prerequisite for presenting error for appellate review is that the record must demonstrate that the complaining party made a timely and specific request, objection, or motion, and that the trial judge either ruled on the request, objection, or motion, or refused to rule and the complaining party objected to that refusal. Tex. R. App. P. 33.1(a). Therefore, an objection must be timely, specific, pursued to an adverse ruling, and must be made each time inadmissible evidence is offered. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). Only two exceptions apply to the requirement of subsequent objections: (1) counsel may obtain a running objection, or (2) counsel may request a hearing outside the presence of the jury. *Id.*

The following excerpt demonstrates that Cohran did not preserver any error:

Q: While the defendant was in one of the Carolinas for three weeks did you notice anything missing around your house?

A: Clothing, at first.

Q: Tell us about that. How did it come that you found that out?

A: Well, I went to work to get one of my outfits I wanted to wear and I noticed it was missing. Then I went through my closet, noticed three or four or five outfits were missing.

Q: What did you do when you found out some of your clothing was missing?

A: I checked twice and then I called Connie.

Q: Why did you call Connie?

A: To see if she knew what happened to my clothing.

6

Q: Did you have a conversation with her?

A: About three or four times.

Q: All right. So you knew how to get a hold of her in the Carolinas?

A: Yes, sir.

Q: Did you say anything to her about your missing clothing?

A: Yes, sir.

Q: What did she say?

A: She said, "No." Then she said, "No," and then I called her back like the third time, she said, "No, I didn't take your clothing but I did take something of yours and I'll tell you about it when I get back."

Q: Let's start with that first conversation. Do you remember the time period during early to middle of May that you discovered that your clothes were missing?

A: It was – it was during the first week of her being gone.

Q: And when you first called her about it, did you accuse her of taking your clothes?

A: No, I asked her. I said did she know what happened to them. I didn't accuse her of anything. No, sir.

Q: During that first phone conversation with you, what did she say?

A: She said no, initially.

Q: She didn't have any idea what could have happened to them?

A: No, sir.

Q: Then you said there was a second phone call?

A: Yes, sir. I told her the first time I was going to triple check to make sure, went through again and I called her back.

Q: What did she have to say the second time—

Counsel for Defense: Excuse me, Your Honor, I'm going to object to anything having to do with the clothing. We're here on a theft of a weapon charge. It's irrelevant, extraneous offense.

The State also questioned Stevens regarding the missing clothing during re-direct with no objection from Cohran. This shows that Cohran failed to make a timely objection to this line of questioning and failed to object each time the evidence was introduced. *See Martinez*, 98 S.W.3d at 193. Additionally, she failed to obtain a running objection. *See id.* Furthermore, Cohran did not indicate how the discussion of the missing clothing led to an improper judgment. *See* Tex. R. App. P. 44.2(b). Therefore, we overrule Cohran's third point of error.

## CONCLUSION

Having overruled all of Cohran's issues on appeal, we affirm the judgment of conviction entered by the district court.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Affirmed

Filed: October 13, 2006

Do Not Publish

8