**Affirmed and Majority and Concurring Opinions filed August 4, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-01030-CR

**RODNEY WAYNE ALLEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1340129**

## CONCURRING OPINION

Appellant shot Diles. In his murder trial, appellant urged self defense, alleging he feared for his life (apprehension of danger) and Diles was the first aggressor. To support that defense, appellant offered and the trial court refused three categories of character evidence: Diles's convictions, Diles's Crip gang membership, and Diles's physical abuse of his girlfriend/witness Castillo. Appellant also sought and was refused copies of offense reports in which Diles was

charged with crimes of violence, arguing it was *Brady* material. The Majority affirms appellant's conviction, holding:

(a) Appellant has not established *Brady* materiality.

(b) The trial court's exclusion of **evidence of Diles's convictions** is affirmed because appellant failed to preserve the alleged error through failure to request or obtain a ruling on the admissibility of such testimony.

(c) The trial court's exclusion of **evidence of Diles's gang membership** is affirmed because:

> (i) appellant failed to establish that Diles's alleged gang membership clarified whether Diles was the first aggressor (ambiguous acts) for purposes of self defense;

> (ii) appellant failed to establish that his own testimony about his altercation with Diles, if believed, needed further character-evidence clarification of his apprehension of danger (ambiguous acts) for purposes of self defense;

> (iii) appellant failed to preserve his complaint that he was entitled to cross examine Castillo on Diles's gang membership as a matter affecting her credibility; and

> (iv) even if the State opened the door to rebuttal character evidence by eliciting testimony that Diles was "just real laid back," the gang membership proffer is not admissible under Rule 405 where, as here, it is neither reputation nor opinion testimony.

(d) The trial court's exclusion of **evidence of Diles's physical abuse of Castillo** is affirmed because:

> (i) appellant failed to establish that Diles's alleged physical abuse of Castillo clarified whether Diles was the first aggressor (ambiguous acts) for purposes of self defense;

2

(ii) appellant failed to establish that his own testimony about his altercation with Diles, if believed, needed further character-evidence clarification of his apprehension of danger (ambiguous acts) for purposes of self defense;

(iii) even if appellant preserved his complaint that he was entitled to cross examine Castillo on Diles's physical abuse to challenge her credibility, Diles's alleged physical abuse is a collateral matter;

(iv) even if appellant preserved his complaint that he was entitled to cross examine Castillo on Diles's physical abuse to challenge her credibility, as Castillo did not open the door by volunteering testimony about such abuse, appellant was not allowed to adduce abuse testimony to correct a false impression; and

(v) even if the State opened the door to rebuttal character evidence by eliciting testimony that Diles was "just real laid back," appellant failed to preserve error because counsel did not refer to the "laid back" testimony during the offer of proof.

I join the Majority's disposition and analysis of the alleged *Brady* violation. I join the Majority's holding that the alleged evidentiary error in excluding Diles's prior convictions was not preserved because those convictions were neither mentioned nor proffered in the offer of proof in this case. *See* Tex. R. App. P. 33.2.

I join the Majority's disposition of the alleged evidentiary error in excluding Diles's gang membership but do not join the holding or analysis. Instead, I would hold appellant was not harmed by the exclusion of such evidence where the evidence was admitted elsewhere in the record and, therefore, was before the jury. *See Womble v. State*, 618 S.W.2d 59, 62 (Tex. Crim. App. [Panel Op.] 1981).[1]

---

[1] Appellant's counsel asked whether appellant knew Diles to be a Crip. Appellant responded, "Yes, ma'am." Although the State objected, and the objection was sustained, the trial court was not asked and did not instruct the jury to disregard the testimony.

I join the Majority's disposition of the alleged evidentiary error in excluding Diles's physical abuse of Castillo but do not join the holding or analysis. Instead, I would hold that (1) the trial testimony about Diles's full-nelson hold of appellant did create an ambiguity on whether Diles was the first aggressor; therefore, Diles's specific violent acts were admissible to prove Diles was the first aggressor, and the trial court erred in excluding appellant's testimony about such acts;[2] (2) the State opened the door to cross examination about Diles's physical abuse of Castillo when it injected the nature of the Castillo/Diles relationship into evidence by asking Castillo on initial direct examination what her relationship with Diles was like; and because the State opened the door and left a false impression, the trial court erred in refusing a full cross examination on the relationship; and (3) evidence of Diles's physical abuse of Castillo, known to appellant, is relevant to prove appellant's apprehension of danger, unlike the evidence offered in *Thompson v. State*, 659 S.W.2d 649, 653–54 (Tex. Crim. App. 1983), relied upon by the Majority. I would further hold, however, that appellant has not established that he was harmed by any error in excluding Diles's alleged physical abuse because, considering the entire record, I cannot say that the exclusion had a substantial and injurious effect or influence in the jury reaching its verdict. *See Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) (internal quotations omitted).[3]

---

[2] *See Cadoree v. State*, 810 S.W.2d 786, 791 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (citing *Gutierrez v. State*, 764 S.W.2d 796, 798 (Tex. Crim. App. 1989)) (noting that carrying a weapon "is not *per se* a violent or aggressive act").

[3] The jury did not hear that Diles physically abused Castillo on previous occasions. The jury did, however, hear uncontroverted testimony that after appellant made holes in Castillo's apartment walls with his fist, Diles, intoxicated and under the influence of cocaine, put appellant in a full-nelson hold and would not free him as he forced appellant outside of the apartment. Appellant agrees that Diles did not have a weapon but suggests that Diles was reaching for the gun tucked in appellant's waistband during the altercation. The disinterested eyewitness and all other witnesses to the altercation agree, if on nothing else, that Diles did not succeed in obtaining

4

I write separately to highlight my disagreement with the Majority's analysis of the apprehension-of-danger theory of admissibility because the Majority follows, and thereby adopts as Fourteenth Court precedent, a decision of the First Court of Appeals that I believe is incorrect: *Smith v. State*, 355 S.W.3d 138, 150–51 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

Texas recognizes two distinct theories for the admission of evidence of a victim's prior specific acts of violence when the defendant claims self defense: (1) apprehension of danger, which focuses on the defendant's state of mind; and (2) first aggressor, which focuses on the victim's conduct. The apprehension-of-danger theory permits a "defendant [to] offer reputation or opinion testimony or evidence of specific prior acts of violence by the victim" of which the defendant was aware to show his own self-defensive state of mind. *Ex parte Miller*, 330 S.W.3d 610, 618 (Tex. Crim. App. 2009). The first-aggressor theory uses the victim's character trait to explain, for example, "the victim's aggressive move toward the defendant." *Id*. at 619. So, apprehension of danger implicates "communicated character" traits; that is, the defendant knows of the traits. First aggressor implicates "uncommunicated character" traits; that is, the defendant need not be aware of the traits. *Id*. at 618–19. With first aggressor and its focus on the

---

the gun before he and appellant separated. Appellant then had the weapon in his hand and Diles was unarmed and appellant shot. The bullet entered the back of Diles's head. Appellant himself was ultimately unable to testify about where each of the parties were when he fired the shot, but appellant mentioned that he "got loose" before he shot. The jury asked that appellant's testimony on that "got loose" point be read back as well as the testimony of the eyewitness: He (appellant) walked away, then came back and shot him (Diles).

The jury charge instructed, among other things, that a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other person's use or attempted use of unlawful force. Whether appellant was initially or reasonably fearful of Diles does not appear to have influenced the jury's verdict as much as whether appellant considered shooting Diles immediately necessary to protect himself from Diles.

5

victim, the conduct of the victim must be ambiguous and therefore in need of explanation. *Id.*

Like the first-aggressor theory, the apprehension-of-danger theory may be supported by specific acts of violence by the victim. *See Torres v. State*, 71 S.W.3d 758, 760–61 (Tex. Crim. App. 2002). Those prior specific acts of violence need not be directed against the defendant. *Id.* at 761–62. The Texas Court of Criminal Appeals explains clearly that such specific acts of violence are admissible because they are not offered to prove that the "victim actually is violent." *Ex Parte Miller*, 33 S.W.3d at 618–19.

The logic of the distinction between these two theories brings me to the error I suggest that the Majority and our sister court in *Smith v. State* have made. The Majority, in reliance upon *Smith v. State*, incorporates an "unambiguous acts" element into an analysis of apprehension of danger and holds that because Diles's conduct was unambiguously aggressive, his conduct needs no character-evidence explanation. The Court of Criminal Appeals has never required a defendant to demonstrate that the victim's conduct was ambiguous prior to introducing character evidence to support the defendant's own apprehension of danger. Instead, the Court of Criminal Appeals decisions upon which *Smith* relies for its "unambiguous acts" requirement are first-aggressor cases. *See, e.g., Torres*, 71 S.W.3d at 760 n.4, 762; *Thompson v. State*, 659 S.W.2d 649, 653–54 (Tex. Crim. App. 1983) (analyzing unambiguous acts within first-aggressor theory only). The victim's conduct, ambiguous or not, is not at issue for the apprehension-of-danger theory of admission. It is the defendant's state of mind and the reasonableness of such state of mind that is important. Thus, appellant was entitled to use reputation testimony or opinion testimony or evidence of specific prior acts of violence by

Diles, known to appellant, to show that appellant was in fear of his life and reasonably so.[4]

The jury, evaluating the defendant's potential self-defensive state of mind, should hear about the victim's character for violence known to the defendant even if such evidence is unnecessary to clarify the victim's state of mind. Whether Diles's motive for placing appellant in a full nelson is or is not "ambiguous" from the totality of the testimony should not deprive appellant of the chance to show that his fear of Diles was reasonable in light of Diles's physically violent past acts.

### CONCLUSION

For the reasons I have outlined, I respectfully concur.


/s/     Sharon McCally
Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally. (Boyce, J., majority).
Publish — Tex. R. App. P. 47.2(b).

---

[4] Although appellant's trial counsel repeatedly referred to "opinion or reputation testimony" when discussing the admissibility of Diles's specific bad acts, counsel did not make an offer of proof for appellant's opinion or Diles's reputation. Nor did the trial court specifically exclude such testimony; the court ruled that it was excluding evidence of "specific bad acts" regarding gang membership and the Castillo relationship.